PER CURIAM.
James B. Hicks appeals an order denying his petition for post conviction relief filed pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. In layman’s language the petitioner alleged that he was adjudged guilty and sentenced without assistance of counsel at a time when he was indigent and could not afford counsel.
The petition did not allege that the movant was convicted of a felony and was presently in custody. It also failed to allege in substance that the movant did not intelligently and competently waive his right to counsel. As observed in Dixon v. State, Fla.App.1964, Second District, 163 So.2d 771, the trial court could have denied the motion summarily on the ground that it was insufficient. The court, however, elected to investigate the record before making findings and pronouncing his conclusion. We have previously held in Dixon v. State, supra, that if the court goes beyond the allegations of an insufficient petition filed under Criminal Procedure Rule No. 1 and studies the record, and the record supplies the requisite missing allegations, the court may not deny the motion on the ground that it is not sufficient.[1]
The record divulges that the petitioner was convicted and sentenced following a guilty plea to a charge of breaking and entering with intent to commit a felony and that the petitioner was not represented by counsel during the critical stages of the proceedings. The record does not disclose that the insolvent petitioner was offered appointed counsel or that petitioner knew that he was entitled to be represented by counsel without cost to him. The court merely concluded dehors the record:
“5. Defendant has had previous experience with the law and with appearance in Court, having been convicted in the State of Ohio previously for Grand Larceny and Breaking and Entering With Intent to Commit a Felony, having been sentenced there to a term of from One to Fifteen Years and having been later paroled.
“6. That had Defendant requested the assistance of counsel, then counsel would have been appointed by the Court, since it was at that time the *206 practice of the Orange Comity Bar Association to furnish counsel for all defendants when requested to do so, but the Defendant did not request counsel and instead admitted the guilt of the crime with which' he was charged.
“THE COURT CONCLUDES as a matter of law that Defendant was not denied the assistance of counsel in preparing for his defense in violation of the Fourteenth Amendment of the Constitution of the United States of America.”
We have previously held that a determination of matters dehors the record cannot form the basis for summary denial of relief under Criminal Procedure Rule No. 1. Keur v. State, Fla.App.1963, 160 So.2d 546. The fact that the -record is silent as to whether or not the defendant requested counsel or whether or not defendant was offered counsel does not create a presumption that the defendant competently and intelligently waived his right to counsel. King v. State, Fla.App.1963, 157 So.2d 440. That case also held:
“ * * * if the record shows that the court neither advised defendant of his constitutional right to counsel nor offered to appoint counsel, and the return of"the prosecuting attorney of the court makes no allegation of fact to the effect that the defendant was aware of his constitutional right to counsel and was offered counsel, there is no need to determine' the question of competent and intelligent waiver, for a waiver ‘is ordinarily an intentional relinquishment or abandonment of a known right or privilege.’ ” (emphasis added)
See also Williams v. State, Fla.App.1964 (Second District), 163 So.2d 767; Phillips v. State, Fla.App.1964 (Second District), 164 So.2d 858.
The allegations of the motion considered with the record revealed a potentially valid claim for relief and it became incumbent upon the court to call for answer by the State and then, if necessary, judicially resolve any issues made. The order is reversed for further proceedings in accordance with the directions announced in King v. State, supra.
Reversed and remanded.
SMITH, C. J., and SHANNON and WHITE, JJ., concur.

. In the instant ease although the petition alone was insufficient, the entire record on appeal did not conclusively reveal that the petitioner was entitled to no relief. This rule is a corollary to the rule that if the trial court’s judgment is sustainable under any theory revealed by the record on appeal, it will be affirmed, notwithstanding that it may have been bottomed on an erroneous ground. See Savage v. State, Ma.App.1963, 156 So.2d 566 as distinguished by Dixon v. State, supra.