165 So.2d 773 (1964)
Allen Martin SWARTHOUT, Appellant,
v.
The STATE of Florida, Appellee.
No. 64-145.
District Court of Appeal of Florida. Third District.
June 30, 1964.
Robert L. Koeppel, Public Defender, and W. Eugene Neill, Asst. Public Defender, for appellant.
James W. Kynes, Jr., Atty. Gen., and Victor V. Andreevsky, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
HENDRY, Judge.
Appellant, instituted proceedings in the Criminal Court of Record of Dade County, pursuant to Criminal Rule No. 1, F.S.A. ch. 924, appendix, collaterally attacking the legality of his conviction and sentence for the commission of the crime of larceny of an automobile.
The basis of appellant's motion is that the trial court erred in finding him guilty without his having had the benefit of counsel to represent him.
It affirmatively appears from the record that appellant plead guilty to the charge after he had been offered counsel by the court, and had refused to accept counsel. The trial judge correctly denied appellant relief on his motion pursuant to Rule 1 upon finding from the record that *774 appellant understandingly and intelligently waived his right to counsel.[1]
The trial judge did everything required of him to convince the accused that he should avail himself of the public defender's services. Notwithstanding these efforts, the defendant refused to accept the court's offer to appoint counsel. The court may not compel the accused to accept the services of an attorney, especially where, as here, the accused is intelligent and competent enough to understand the effect of his act. This court will not interfere with the factual finding by the trial judge where there is ample support for it in the record, as here.[2]
Accordingly the judgment appealed is affirmed.
Affirmed.
NOTES
[1] Sardinia v. State, Fla.App. 1964, 162 So.2d 328; Conley v. State, Fla.App. 1964, 160 So.2d 752.
[2] Hicks v. State, Fla.App. 1964, 165 So.2d 204, (opinion filed June 10, 1964).