PER CURIAM.
The appellant Robert Pierce Key was charged with robbery in four informations filed September 11, 1964. He was arraigned thereon and pleaded not guilty. On a hearing held later, relating to appointment of counsel, the defendant rejected the public defender as counsel and chose to represent himself. The record discloses he was informed as to his right to counsel and waived counsel. Thereafter, on October 22, 1964, the defendant withdrew his pleas of not guilty and pleaded guilty to the offenses charged in three of the four informations. He was then adjudged guilty thereon and received ten year concurrent sentences. This appeal does not concern the fourth information on which he did not plead guilty.
On June 3, 1966, a motion for relief under Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix was filed on behalf of the defendant through the public defender, alleging as grounds (1) undue delay between the time of his arrest and appearance before a magistrate; (2) that while he was held incommunicado a confession was obtained as a result of improper questioning; and (3) that being untrained in law he was confused and not properly informed as to his right to counsel.
The trial court denied the motion summarily. A petition for rehearing reasserting said grounds was denied. Thereupon the defendant filed this appeal in proper person, seeking reversal of the order denying his Rule 1 motion and the order denying his petition for rehearing.
We conclude, as did the able trial judge, that the motion failed to set forth grounds upon which relief appropriately could be granted. The first two grounds of the motion were not supported by allegations showing any prejudice or basis at law for relief thereunder. Milton v. Cochran, Fla.1962, 147 So.2d 137; Marti v. State, Fla.App.1964, 163 So.2d 506; Gibson v. State, Fla.App.1965, 173 So.2d 766; Swarthout v. State, Fla.App.1964, 165 So.2d 773; Williams v. State, Fla.App.1965, 174 So.2d 97. The defendant’s third contention, relating to waiver of counsel was equally without merit. The record shows the trial judge patiently and meticulously explained to the defendant his right to counsel, and questioning by the court brought answers from the defendant which disclosed he understood his right to counsel and the effect of proceeding without counsel. The record adequately shows that *666 the defendant intelligently and understandingly waived his right to counsel. Further, the record discloses that at the time defendant changed his pleas from not guilty to guilty, he again was advised by the court of his right to counsel, and that he repeated his waiver of counsel and voluntarily entered the guilty pleas.
No reversible error having been made to appear the order appealed from should be and hereby is affirmed.
Affirmed.