201 So.2d 832 (1967)
Wilson BRISBON, Appellant,
v.
The STATE of Florida, Appellee.
No. 66-888.
District Court of Appeal of Florida. Third District.
August 15, 1967.
*833 Robert L. Koeppel, Public Defender and Marvin J. Emory, Jr., Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Barry N. Semet and Jesse J. McCrary, Asst. Attys. Gen., for appellee.
Before PEARSON and HENDRY, JJ., and DURDEN, WILLIAM L., Associate Judge.
HENDRY, Judge.
This is an appeal by the defendant, Wilson Brisbon, from a judgment and sentence following a non-jury trial and conviction of the crimes of breaking and entering with intent to commit a misdemeanor and petit larceny. At the time of the arrest, the arresting officer read to the defendant from a printed card as follows:
"You have a constitutional right to remain silent. You need not make any statement if you do not wish to do so. Should you talk to me, any statement you may make can and will be used against you in court. If you want an attorney to be present at this time or any time hereafter, you are entitled to such counsel. If you can not afford to pay for an attorney, we will furnish you with counsel if you so desire.
"Do you wish to have an attorney present at this time?"
To which the defendant made no response. The officer then continued:
"Knowing your rights as they have been related to you, are you now willing to answer questions without having an attorney present?"
*834 The defendant then answered simply, "Yes." Answers to questions subsequently posed were admitted into evidence by the trial judge.
It is appellant's contention that the state failed to carry its heavy burden to show that defendant knowingly and intelligently waived his right to counsel. First, the warning by the police officer was ambiguous, and therefore, inadequate. Second, there was no "definite unequivocable and affirmative statement made by the defendant to show waiver of his right to counsel."
There is no merit in appellant's first contention. It was made sufficiently clear to the defendant that he had a right to counsel and that if he could not afford an attorney, he would be provided with appointed counsel.
As to appellant's second contention, Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), requires that a waiver of defendant's right to counsel be made knowingly and intelligently. However, the Fifth Circuit Court of Appeals, speaking in reference to the Miranda decision, in Narro v. United States, 370 F.2d 329 (5 Cir.1966), has said:
"Thus the cases in which it is clear that the warnings have been given must be considered on their own facts in order to determine the question of waiver."
While it is true that mere silence on the part of the defendant can not be presumed to be a waiver, it is also true that the defendant need not make the express statement, "I do not wish to be represented by counsel" before a waiver can occur. People v. Salcido, Cal. App. 1966, 54 Cal. Rptr. 820. To require such statement would be to require form without substance. The only test is whether the defendant, after being warned of his rights, knowingly and intelligently waived his right to counsel.
The record before us indicates that in response to the question, "knowing your rights as they have been related to you, are you now willing to answer questions without having an attorney present?", the defendant answered, "Yes" and proceeded to answer the questions put to him by the police officer. On the basis of the foregoing, we can not say as a matter of law that the defendant did not properly waive his right to counsel, and we, therefore, affirm.
Affirmed.