203 So.2d 62 (1967)
S.T. PATRICK, Appellant,
v.
The STATE of Florida, Appellee.
No. 66-1020.
District Court of Appeal of Florida. Third District.
October 17, 1967.
S.T. Patrick, in pro. per.
Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., for appellee.
Before BARKDULL, HENDRY and SWANN, JJ.
BARKDULL, Judge.
The appellant appeals from a judgment of conviction of larceny of an automobile, and sentence thereon. He has, at his own request, conducted these proceedings in propria persona. Compare: Swarthout v. State, Fla.App. 1964, 165 So.2d 773; Cook v. State, Fla.App. 1964, 167 So.2d 793.
A review of the appellant's brief indicates that he raises the following issues: That he was not adequately advised of his constitutional right to counsel. That he was denied the right to subpoena witnesses. That he was prejudiced by the failure to have a preliminary hearing.
*63 As to the first issue, the arresting officer testified as follows:
* * * * * *
"Q. Did you advise him specifically of any of his constitutional rights?
"A. Yes, sir, I did.
"Q. What did you advise him?
"A. I advised him that anything that he said might be held against him, that he had the right to an attorney present at the time of the questioning or the State would furnish him with an attorney if he didn't have the money.
* * * * * *
"Q. What did he say in regards to your advising him of his rights?
"A. He said that he didn't need a lawyer. He said that he had bought the car."
* * * * * *
Thereafter, the officer testified that the appellant gave conflicting statements as to where he obtained the automobile which was in his possession. The appellant took the stand in his own defense, but did not deny the testimony given by the arresting officer in regard to the advice he received in reference to his constitutional rights, but contended that he "bought" the stolen automobile. Neither did he deny that he told the arresting officer that he did not need a lawyer. We find that the appellant was duly advised of his constitutional rights and, by his actions, declined his right to counsel. Brisbon v. State, Fla.App. 1967, 201 So.2d 832.
The record fails to demonstrate that the appellant ever requested the trial court or the State attorney's office to subpoena witnesses on his behalf. Therefore, no error is found in this regard. No opportunity was presented to the trial court to comply with what appears to be a belated thought by the appellant. Shea v. State, Fla.App. 1964, 167 So.2d 767; Silver v. State, Fla. 1966, 188 So.2d 300.
The record fails to indicate whether or not the appellant was granted a preliminary hearing, but even if he did not have one this would not be reversible error. The holding of a preliminary hearing is not a prerequisite to a criminal prosecution. Baugus v. State, Fla. 1962, 141 So.2d 264; Hoffman v. State, Fla.App. 1964, 169 So.2d 38.
Therefore, following a review of the record on appeal and briefs of the respective parties, the judgment of conviction and sentence here under review is hereby affirmed.
Affirmed.