**Pedro Herrera SOLINO, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 24893.**

United States Court of Appeals
Fifth Circuit.

Jan. 9, 1968.

Saul T. Von Zamft, Miami, Fla., for appellant.

Morton Orbach, Asst. U. S. Atty., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee.

Before BELL, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Appellant was convicted by a jury of transporting a motor vehicle in interstate commerce, knowing the same to have been stolen, in violation of 18 U.S.C.A. § 2312.

One Melonas was the owner of a 1959 red and white Chevrolet automobile. He and the appellant resided in the same rooming house in Salem, Massachusetts. In June of 1965 Melonas' car was stolen. That summer appellant was seen driving such a car in Miami and Naples, Florida. On August 5, 1965, the appellant, while driving the same car, was arrested in Miami, Florida, for a traffic violation and the car was impounded. Still later, while appellant was serving a sentence in Massachusetts for a local motor vehicle violation, he made an oral confession to agents of the Federal Bureau of Investigation that he had stolen and transported Melonas' car in interstate commerce.

■■ Appellant asserts that his confession was involuntary. We disagree. On voir dire, outside the presence of the jury, it was clearly established (without contradiction since appellant did not take the stand) that appellant was fully warned of his constitutional rights; that he was willing to make a statement; and specifically stated that he did not want an attorney. This meets the requirements of Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694.

■ The identification of the impounded automobile as belonging to Melonas was established by comparing the identification number attached to the car with the identification number appearing in the owner's policy of insurance which was admitted in evidence over objection. Appellant contends that this was error because there was no witness produced by the government to prove either the authenticity of the policy or that it was produced from records kept in the ordinary course of business. This argument misses the point. The policy was offered for the limited purpose of establishing the identification number of the car, not to establish that it was insured. Melonas testified that he had no present recollection of the identification number but that he knew that the number was correctly recorded at the time it was reduced to writing on his policy. This meets the requirements of the rule of "past recollection recorded," Papalia v. United States, 5 Cir. 1957, 243 F.2d 437, and the policy was therefore properly received in evidence for the limited purpose stated.

We find no merit to the other errors assigned.

Affirmed.