PIERCE, Judge.
Appellant Earl E. Hill appeals from a judgment of conviction and sentence, consequent upon a jury verdict finding him guilty of manslaughter.
Only one question is urged before this Court on appeal, and that is whether it is necessary, in order to render admissible an oral confession made by the accused soon after his arrest at the scene of the homicide, that he give an affirmative waiver in some positive form, either verbal or written, of his right to counsel before being interrogated, in addition to the usual cautionary “Miranda warnings” by the officer. We hold that Miranda does not require such affirmative response of express waiver by the accused.
The St. Petersburg police department got a telephoned report about 9 P.M. on March 27, 1968, indicating a homicide at the home of one Engel at 8441/2 Tenth Avenue South, in that city. By radio and otherwise, several officers converged on the scene and were admitted into the home by defendant Hill, who led them into the living room of the cottage, thence into a bedroom where the body of deceased Robert W. Engel was lying on a bed with a bullet wound “high on the forehead”. Officer Butler asked Hill “where the gun was” and Hill nodded his head toward a second small bedroom into which the officers and Hill proceeded, finding a small calibre revolver laying on a bureau in that room. Officer Frank asked Hill “what had happened”, and Hill stated that he had “gotten agitated and that he did it”. Frank then placed Hill under arrest for first degree murder, and after giving him the usual “Miranda warning” took him “from the east bedroom into the living room and seated him on a couch to await transportation to the police station”. Patrolman Foster, one of the arresting officers, stated that “as he [Hill] was sitting on the couch, he started talking as if talking to himself. He stated that, T have taken care of him for a long time’. Then he paused and said *549 * * * ‘I killed him’ About midnight that night Hill was taken to the “interrogation room” of the city jail, where City Detective Allen “read him his rights to him, which we have a standard form, and he agreed to talk to me without having a lawyer present”. No secretaries were there, so the next morning about 9 A.M. Hill signed a written statement admitting the killing — after of course, the usual “Miranda warning”.
Thereafter, information charging murder in the second degree was filed against Hill and on July 1, 1968, trial was held, resulting in a jury verdict of guilt of manslaughter. Upon adjudication of guilt and sentence Hill has appealed to this Court and, as previously stated, urges as his sole contention that he never affirmatively, by word of mouth or in writing, waived his right to counsel. It might be here noted that the record indicates that, in the written statement taken at the detective bureau as aforesaid, which was in the form of an in-custody police interrogation, he was asked “Do you want an attorney at this time?” And he answered “I don’t want nothing, I did it, and that’s it.” However, he had already orally confessed the night before, at the Tenth Avenue home and in the police interrogation room, on neither of which occasions did he voice or write out any express waiver.
The gist of the holding in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, is the following passage appearing on page 1612 of 86 S.Ct.:
“Prior to any questioning, [during custodial interrogation] the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed. The defendant may waive ef-fectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently. If, however, he indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning. Likewise, if the individual is alone and indicates in any manner that he does not wish to be interrogated, the police may not question him.”
Therefore, Miranda does not require any affirmative oral or written waiver of counsel by the accused, although if “he indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there could be no questioning”. Also, “if the individual is alone and indicates in any manner that he does not wish to be interrogated, the police may not question him”. The record here indicates that Hill never at any time indicated that he wanted an attorney present during his questioning and in his transcribed police interrogation which he signed he expressly disclaimed any desire for a lawyer. At the trial, Hill voluntarily testified in his own behalf, and under oath admitted everything in his statement was true and that it was voluntarily given. So there is no merit in Hill’s contention here.
Other cases are in accord with this holding: Patrick v. State, Fla.App.1967, 203 So.2d 62; Colebrook v. State, Fla.App. 1968, 205 So.2d 675; Solino v. United States, 5 Cir. 1968, 387 F.2d 354; Clark v. State, Fla.App.1968, 207 So.2d 481; Anderson v. State, Fla.App.1968, 207 So. 2d 518; and Brisbon v. State, Fla.App. 1967, 201 So.2d 832.
The judgment of conviction appealed is therefore
Affirmed.
HOBSON, Acting C. J., and MANN, J., concur.