PER CURIAM.
The defendant, Johnny B. Williams, appeals from a judgment finding him guilty of robbery and the sentence thereupon. The points presented urge error upon the court’s denial of appellant’s motion to suppress his confession and appellant’s motion to preclude a witness’s testimony upon the ground that the witness did not appear for a deposition.
No error is demonstrated under the point directed to the confession. Appellant urges that the court incorrectly found that he did not request an attorney. However there is in the record clear evidence that the appellant after being fully advised expressed a willingness to answer any questions propounded without the presence of an attorney. The evidence shows that the waiver was voluntarily and expressly made. See Solino v. United States, 387 F.2d 354 (5th Cir. 1968).
 Appellant’s second point fails to present error because it affirmatively appears that the appellant had full knowledge long prior to the trial that the subpoena directing the witness to appear for discovery was not served. There is no showing that the prosecution was in any way remiss in appellant’s failure to obtain service of the subpoena. A defendant may not complain of a failure to obtain service of a subpoena when he himself is responsible or fails to make a reasonable effort to correct a mistake. Cf. Gagnon v. State, Fla.App.1968, 212 So.2d 337; Gmaz v. King, District Court of Appeal of Florida, Second District, 238 So.2d 511, opinion filed August 19, 1970.
Affirmed.