**Mortimer Norman KORAN, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 72–2498

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 4, 1972.

Milton E. Grusmark, Miami Beach, Fla., for petitioner-appellant.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of

Robert W. Rust, U. S. Atty., Miami, Fla., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

On his direct appeal, Mortimer Norman Koran's convictions under the federal counterfeiting statute, 18 U.S.C.A. § 474 were affirmed despite his contention that the government introduced at his trial evidence obtained through the use of electronic listening and recording devices, in violation of his Fourth Amendment right against unreasonable searches and seizures. Koran v. United States, 408 F.2d 1321 (5th Cir. 1969), cert. denied, 402 U.S. 948, 91 S.Ct. 1603, 29 L.Ed.2d 118 (1971).

This appeal is from a denial of collateral relief sought on the ground that the use of the same evidence violated defendant's Fifth Amendment right against self-incrimination. We affirm.

Our prior opinion details the facts as to how the tape recordings were made. *Koran, supra,* at 1322, 91 S.Ct. 1603. The evidence consisted of a conversation between the defendant and a government informer in which the defendant discussed plans for printing a large quantity of counterfeit currency. Defendant argues that, at the time the tape recordings were made, the investigation had shifted to the accusatory stage and that, therefore, he was entitled to be warned of his rights pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Defendant alleges that, after having sufficient evidence to arrest him, the government delayed his arrest so that recordings of the incriminatory statements could be secured. He contends that he was tricked into giving answers to questions posed by both a government agent and an informer while their conversation was being recorded. The appeal raises this single question: when government officials delay an arrest for

New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

the sole purpose of securing a suspect's voice incriminating himself, does the Fifth Amendment prohibit playing to a jury the recordings containing those statements? Koran contends that the District Court should have held an evidentiary hearing to determine the point at which the government had sufficient evidence to make its case, and that if it had sufficient evidence prior to the recorded conversations, they could not be used absent *Miranda* warnings to the defendant.

The United States Supreme Court has rejected a similar argument and explicitly stated that there is no constitutional right to be arrested. Hoffa v. United States, 385 U.S. 293, 310, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966). The Court there explained that "[l]aw enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause, a quantum of evidence which may fall far short of the amount necessary to support a criminal conviction." *Hoffa*, at 310, 87 S.Ct. at 417.

■■ Petitioner had no constitutional right to be arrested earlier than he was. Thus, his *Miranda* claim may be answered briefly by the fact that it is well-settled that *Miranda* principles are applicable only to unlawful *custodial* interrogation. When defendant's incriminatory statements were made, his freedom was in no way restrained, and there were no "inherently compelling pressures . . . [working] to undermine the individual's will to resist." *Miranda*, at 467, 86 S.Ct. at 1624.

Appellant relies heavily on Hill v. Philpott, 455 F.2d 144 (7th Cir. 1971), which held that the defendant physician's Fifth Amendment rights against self-incrimination had been violated by seizure of his private books and records, even though his Fourth Amendment rights had not been breached because the search warrant was valid. The trial court here properly held, however, that Hill v. Philpott is inapplicable because we are concerned not with the seizure of personal records, a compelled production of evidence, but with the use of Koran's own statements, made voluntarily, without compelling pressures.

The District Court found that "[p]etitioner's statements, which were taped and introduced at his trial, were not made while petitioner was in custody or during any period of time wherein his freedom was restrained in any significant way. They were made during the course of the commission of the crime to an informant and a government agent, both acting in undercover capacities." We find no error.

Affirmed.