PER CURIAM.
Defendant-appellant was informed against for rape, tried by jury, found guilty of the lesser included offense of assault with intent to commit rape and sentenced to 8 years in the state penitentiary.
For his sole point on appeal, defendant urges as error the trial court’s denial of defense counsel’s motion for continuance where the prosecutor failed to comply with the pretrial discovery rules and the trial court’s failure to inquire into the surrounding circumstances to determine prejudice to the defendant.
 We first note that the notice of deposition was unaccompanied by a subpoena[1] directing the witness to appear for discovery and the requisite fees. Thus, we find the subject notice to be defective and the defendant now is precluded from complaining of failure to obtain service of a subpoena when he himself is responsible or fails to make a reasonable effort to correct a mistake. See Williams v. State, Fla.App.1970, 239 So.2d 648. In addition, upon the victim’s failure to respond to the notice, the records reflect that defense counsel did not bring this matter to the trial court’s attention until he made his motion for continuance approximately 5 minutes before the trial was scheduled to commence on November 5, 1973.
Second, the record further demonstrates that the trial judge did permit defense counsel to depose the victim on the afternoon of November 5, 1973 and postponed the trial until November 6, 1973. Thus, it appears that the defendant was not prevented from effectively and adequately preparing his defense and was not prejudiced by the denial of his motion for continuance. Cf. Howard v. State, Fla.App.1970, 239 So.2d 83.
No abuse of discretion on the part of the trial court having been made to appear, the judgment herein appealed is affirmed.
Affirmed.

. RCrP 3.220(d), 33 F.S.A.