PER CURIAM.
The defendant, Richard Sheppard, was found guilty by - a jury of second degree murder. He was sentenced to life imprisonment. On this appeal he urges: (1) that the trial court did not make a specific finding of the voluntariness of his confession, (2) that a statement given by him to the police was improperly admitted into evidence, (3) that one of his character witnesses was improperly excluded from *629 testifying, (4) that the evidence of self-defense was sufficient as a matter of law to require a judgment of acquittal, and (5) that the trial court erred in failing to give a requested instruction.
There is no dispute based on this record that Sheppard, a seventeen year old male, was told to leave the victim’s “The Friendly Food Market,” and that having left, he thereafter returned to the store and shot the storekeeper dead. The defense countered with Sheppard’s own testimony that when he returned to the store, the victim opened fire on him and he returned the fire in self-defense.
Sheppard’s statement to the police was made the same day as the shooting when he went with his mother to the police station. At that time, a full recital of his constitutional rights was read to him and his mother before he made a statement. Mrs. Sheppard testified that she told the officer that she intended to get a lawyer for her son and that he should not make a statement before she got one. Later, when separated from his mother, Sheppard made a statement identical to that made upon the stand. In this statement, he did not confess to a crime but reported the shooting as he and his mother intended. He stated that he had shot the storekeeper in self-defense.
The defendant moved to suppress his statement given to the police upon the ground that it was taken in violation of his right to counsel. His mother also alleged that his written and oral statements “were not freely and voluntarily given.” A hearing was held upon defendant’s motion to suppress. There was conflicting evidence as to whether defendant’s mother requested that the defendant make no statement until she had procured a lawyer for him. There was no evidence that the defendant did not voluntarily make the statement. The trial judge denied the motion to suppress. We find no error in the ruling.
The defendant claims error because the trial judge did not make a separate finding that the statement was voluntarily given as required by McDole v. State, Fla. 1973, 283 So.2d 553. We hold that the McDole requirement is inapplicable in this case because (1) the statement to the police was not a confession but was a short report to the police accompanied by a statement that the shooting was justified at law,[1] and (2) the only ground argued in the trial court was that the police had violated the defendant’s rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966).
The argument that the statement was inadmissible because of a violation of the Miranda holding is not supported by the record. The evidence is clear that after the explanation of defendant’s right not to make a statement until a lawyer was provided, Sheppard proceeded with the statement of his own free will. Cf. Brisbon v. State, Fla.App.1967, 201 So.2d 832.
The record also shows that the witness who did not testify as to defendant’s character was subpoenaed as a possible material witness by the State for deposition and did not appear. When the witness did not appear, defense counsel stated that he would “try to get the witness in.” The statement as to the witness’s proposed testimony was that he would primarily be a character witness. The testimony would have been cumulative and the court was acting within its discretion in excluding the witness. See Holley v. State, 1925, 89 Fla. 70, 102 So. 829.
Our examination of the record convinces us that there is no error under appellant’s point (4) above. Finally, we *630 find that appellant’s point (S) above does not present reversible error based upon this court’s opinion in Bolin v. State, Fla. App.1974, 297 So.2d 317.
Affirmed.

. The substance of the statement is as follows :
“So the man looked out the door and he saw me so he say, ‘You’re back,’ and I said yes, like that. And I was fixing to leave and he reached up under the counter, grabbed his pistol and I grabbed mine, so we started exchanging fire.”