PER CURIAM.
The appellant was charged by information with the crime of second degree murder, for the fatal stabbing of his wife. Upon a non-jury trial, he was found and adjudged guilty, was sentenced to imprisonment for a term of ten years, and appealed.
In response to a call to the police, shown to have been made by the appellant, reporting that a woman had been cut, a police officer went to the address given, which was the appellant’s residence. On entering and inquiring with reference thereto, the officer was led by the appellant to a bedroom where he observed a woman lying on a bed bleeding from stab wounds but still alive. The officer inquired of the appellant as to the whereabouts of the knife.[1] Thereupon appellant produced a bloody kitchen knife from a table or dresser in the room and handed it over to the officer. Thereafter the appellant was placed under arrest, and later, after having been duly warned of his rights, was questioned at which time he made a statement.
On this appeal it is contended by the appellant that the trial court committed reversible error by overruling a defense objection to introduction of the knife into evidence by the State. On consideration of the briefs, argument and the record, we hold that the questioned ruling of the trial court was not error. See: § 901.151(5), Fla.Stat, F.S.A. The officer’s question was prior to the arrest of the appellant, and was not made in the course of any custodial interrogation. The knife produced thereby by the appellant was not inadmissible. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; United States v. Montos, 5th Cir. 1970, 421 F.2d 215; Koran v. United States, 5th Cir. 1972, 469 F.2d 1071. The inquiry which resulted in the disclosure of the knife was general on-the-scene questioning. See: Melero v. State, Fla.App.1975, 306 So.2d 603; Hill v. State, Fla.App.1969, 223 So.2d 548.
The judgment is affirmed.

. “Q. (By Mr. Kaye) What, if anything was said by you or him?
“A. [By the Officer] I said, ‘Where is tho knife?’ Mr. Lattimore turned back around and reached up on top of the dresser in among a lot of bottles and things and picked up a used kitchen knife and came back around rather fast at my direction, at which time I reached up and grabbed his hands and said, ‘Just let me have it. Let me take it.’ I took it out of his hands.”