POULTON, TIMOTHY P., Associate Judge.
In 1958 when the author of this opinion joined the clamor for reform (see 11 U.Fla. L.Rev. 220), an indigent non-capital felony defendant did not have the right to a free attorney. How far we have come in twenty years. The question now is whether we have come far enough.
The sole issue in this case is whether an indigent defendant who has rejected the services of the public defender and chooses to represent himself is entitled to access to law books. The defendant was in jail awaiting trial for a felony. The public defender had been appointed to represent him. The defendant then moved to represent himself. That motion was granted with the public defender ordered to assist on a “standby” basis. The defendant later moved to have the public defender removed altogether. That motion was granted only after the court warned the defendant that he would not have access to law books because the county jail had none. At that hearing, the defendant moved for access to law books, and that motion was denied. He represented himself at trial and was found guilty as charged.
The question presented is but one of a number of similar questions that might be presented: is an incarcerated pro se defendant entitled to be afforded all the resources that might otherwise be available if he would avail himself of the services of a public defender? Is he entitled to the use of an investigator? Is he entitled to view the scene of the crime? Is he entitled to confer with witnesses? Need he be supplied with a secretary and all the office equipment that the public defender has available? Should he have unlimited access to a telephone?
As we see it, the axiom that a defendant is entitled to represent himself is extended too far if we are required to answer the foregoing questions in the affirmative. Perhaps if the state is required to provide a perfect climate for defense for an incarcerated indigent defendant, the state ought to *1114 offer the defendant a choice between a public defender and a pro se defense with all the advantages suggested above.
On the narrow question before us — on access to books — extant caselaw does not require the defendant be given his choice. The cases governing post-trial writ prisoners should govern here as well. In both Cruz v. Hauck, 515 F.2d 322 (5th Cir. 1975), and Bound v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), the issue was considered. The Cruz court said:
“. . .If all inmates do not have such access, the court should devise a plan ensuring adequate entry to the courts, either by reasonable access to attorneys, or by reasonable access to legal materials, or by any other reasonable means the district court may devise.” (Emphasis ours)
The Bound court said:
“We hold, therefore, that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.” (Emphasis ours)
AFFIRMED.
ANSTEAD and LETTS, JJ., concur.