PER CURIAM.
Movant Asa Cook in this Criminal Rule No. 1, F.S.A. ch. 924 Appendix, proceeding is seeking to set aside a sentence and judgment of conviction resulting from his plea of guilty entered on the 22nd day of October, A.D. 1963 in the Circuit Court in and for Madison County, Florida. In his motion, Cook alleges that he was sentenced without “ * * * legal aid of counsel to advice [sic] the appellant of his rights in said court”. The trial court in denying the defendant’s motion found in its order:
“ * * * the Court having personally presided at this trial and at the hearing, and the Court having personally inquired into the Defendant as to his intelligence and his ability to understand the proceedings, and the Court having fully advised the Defendant of his right to have counsel to represent him at all stages of the proceedings, the Court having advised the Defendant of all of his constitutional rights, the Defendant did intelligently and understandingly waive right to counsel in that he signed.a written Waiver, as the'records will show, and he stated that he understood that he had the right to have counsel to represent him, that if he did not have any funds, the public defender *794 would defend him, all of which will be shown by the records.”
The record reflects that Asa Cook executed the following instrument:
“I, Asa Cook, the Defendant in the above entitled cause do hereby certify that I am 47 years of age, that I understand the charges pending against me and that the charge has been fully explained to me by the Court and the State Attorney. I further certify that I fully understand that I have the right to have an Attorney to represent me in these proceedings and I further understand that if I do not have any funds or means whereby.I can employ an Attorney to represent me in this matter that the Public Defender of the Third Judicial Circuit of Florida will represent me in this matter. I further certify that having been fully advised of my rights, I do hereby WAIVE the right to have an Attorney to represent me in this matter and it is my desire to enter a Plea of Guilty to the Charge pending against me. I certify that this is signed by me in Open Court.”
 In his attack upon the proceedings in this court, Cook nowhere mentions the waiver or any of the proceedings pertaining to same and does not question that part of the trial record which conclusively shows that he waived counsel. He simply alleges that he did not have counsel and that the presence of counsel would have enabled him to have pleaded intelligently. It is not the function of trial courts to force counsel upon any defendant,[1] be he indigent or not; in fact, such course of action would in itself constitute an infringement upon an accused’s constitutional rights.
The order of the trial court is affirmed.
STURGIS, C. J., and WIGGINTON, and RAWLS, JJ., concur.

. Swarthout v. State, 165 So.2d 773 (Fla.App.3d, 1964).