204 So.2d 913 (1967)
Nicholas CAPPETTA, Appellant,
v.
STATE of Florida, Appellee.
No. 1259.
District Court of Appeal of Florida. Fourth District.
December 7, 1967.
Rehearing Denied January 11, 1968.
*915 Brian T. Hayes, of Parkhurst & Hayes, Fort Lauderdale, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., Vero Beach, for appellee.
CROSS, Judge.
The defendant-appellant, Nicholas Cappetta, was charged by information with the crime of escape, tried before the court after having waived trial by jury, adjudged guilty, and sentenced to five years in the state prison. It is from this judgment and sentence that the defendant appeals.
Defendant's primary point raises the contention that the trial court erred in denying his motion to conduct his defense in person without the assistance of counsel.
The state contends that the points raised on appeal in this cause were not raised by defendant in proper person in his assignments of error, and the points therefore are waived or have been abandoned and now may not be presented to this court. Defendant candidly admits the fact that the points raised on appeal were not raised by defendant in his original assignments of error but asserts that the points affect basic justice and that this court should waive any defect.
It has been settled for over fifty years in this state that a question of law which was not presented to nor passed upon by the trial court cannot be raised on appeal. Marinelli v. Weaver, Fla.App. 1966, 187 So.2d 690; Wasserburg v. Coastal Aluminum Products Construction Co., Fla. App. 1964, 167 So.2d 889.
In Love v. Hannah, Fla. 1954, 72 So.2d 39, the Supreme Court reiterated the foregoing rule and observed that one well recognized exception is that error affecting fundamental rights may be raised for the first time on appeal. We are also cognizant of F.A.R. 3.7(i), 32 F.S.A., which provides inter alia that "the Court, in the interest of *916 justice, may notice jurisdictional or fundamental error apparent in the record-on-appeal, whether or not it has been argued in the briefs or made the subject of an assignment of error, or of an objection or exception in the court below."
The cases and the rules cited do not make it mandatory on the appellate court to consider such questions even though meeting the test laid down. In view of the facts in the instant case, we indulge our discretion to consider the point of whether the trial court erred in denying defendant's motion to conduct his defense in person without the assistance of counsel, since we consider this issue to reach down into the very legality of the trial itself.
The portions of the record which are pertinent to our determination are as follows:
"MR. CAPPETTA: * * * I filed a motion here about May the 14th or 15th, somewhere thereabouts asking the court to permit me to proceed in proper person. I haven't heard anything from that.
"MR. RICH: That is not a pending motion, Your Honor.
"THE COURT: If you do not want this attorney, that is your business, but he is going to sit there at that table and if you want his advice you can ask him for it.
"MR. CAPPETTA: No, sir, I would like to conduct my own cause, please, sir.
"THE COURT: All right, but he will sit there and the record will show that he is there, you have an attorney and he is there.
"MR. CAPPETTA: I have a right to waive attorney, I want to conduct my own cause and waive counsel. I would like the court's permission to have at least 30 days to prepare a case. As you know, I just came from Raiford, I thought it was all over with.
"THE COURT: Motion denied.
"MR. CAPPETTA: I am not going to get a continuance?
"MR. RICH: I would like the record to reflect I am here, Charles Rich, and appointed by the court as attorney of record and I am ready to proceed and prepared.
"THE COURT: Call your first witness.
"MR. RICH: Before we start the trial, Your Honor, I would like to invoke the Rule."
The Sixth Amendment to the Constitution of the United States guarantees the right of an accused to a fair trial. The right to a fair trial is the very essence of due process. The Fourteenth Amendment to the Constitution requires that no state shall deprive any person of life, liberty, or property without due process of law, and § 12 in the Declaration of Rights, Florida Constitution, F.S.A., imposes similar restraints on this state.
The right to a fair trial guaranteed in the Sixth Amendment is also embodied and applied as to state court proceedings in the due process requirement of the Fourteenth Amendment. Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Powell v. State of Alabama, 1932, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158.
A specific organic directive is reflected by § 11 of the Declaration of Rights, Florida Constitution, wherein it is provided that in criminal prosecutions "the accused * * * shall be heard by himself, or counsel, or both * * *." Certainly, one of the most elementary prerequisites of a fair trial is the right of an accused to defend himself, either in person or by counsel of his own choosing.
Cases are legion adhering to the right of the defendant to dispense with the help of a lawyer and represent himself at trial. United States v. Plattner, 2 Cir. *917 1964, 330 F.2d 271, 273; United States v. Private Brands, Inc., 2 Cir.1957, 250 F.2d 554, 557, cert. denied, 355 U.S. 957, 78 S.Ct. 542, 2 L.Ed.2d 532; United States v. Mitchell, 2 Cir.1943, 137 F.2d 1006, 1010, reh. denied, 138 F.2d 831; cert. denied, 321 U.S. 794, 64 S.Ct. 785, 88 L.Ed. 1083; see Moore v. State of Michigan, 1957, 355 U.S. 155, 161, 78 S.Ct. 191, 195, 2 L.Ed.2d 167; Carter v. People of State of Illinois, 1946, 329 U.S. 173, 174-175, 67 S.Ct. 216, 218, 91 L.Ed. 172; Adams v. United States ex rel. McCann, 1942, 317 U.S. 269, 279, 63 S.Ct. 236, 241, 87 L.Ed. 268, reh. denied, 317 U.S. 713, 63 S.Ct. 442, 87 L.Ed. 568. Such a right is applicable in state trials as well as federal prosecutions. Moore v. State of Michigan, supra; Carter v. People of State of Illinois, supra; United States ex rel. Hyde v. McMann, 2 Cir.1958, 263 F.2d 940, 943, cert. denied, 360 U.S. 937, 79 S.Ct. 1462, 3 L.Ed.2d 1549.
The right to assistance of counsel and the correlative right to dispense with a lawyer's help are not legal formalisms. They rest on considerations that go to the substance of an accused's position before the court. Neither the Federal Constitution nor the Florida Constitution forces a lawyer upon a defendant. Florida courts have taken the position that to force counsel upon any defendant, be he indigent or not, would in itself constitute an infringement of an accused's constitutional rights. Cook v. State, Fla.App. 1964, 167 So.2d 793; Swarthout v. State, Fla.App. 1964, 165 So.2d 773. The accused may waive his constitutional right to assistance of counsel if he knows what he is doing and his choice is made with eyes open. Adams v. United States ex rel. McMann, supra.
A line of cases state the right of a defendant in a criminal case to act as his own lawyer is unqualified if invoked prior to the start of the trial. United States v. Plattner, supra; United States v. Bentvena, 2 Cir.1963, 319 F.2d 916, 938, cert. denied, Ormento v. United States, 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271; United States v. Dennis, 2 Cir.1950, 183 F.2d 201, 234, aff'd, 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137. Some courts consider this right so basic as to allow a prisoner to argue his own defense in a sanity hearing which is to determine the legal responsibility for the prisoner's acts. People v. Pugach, Bronx County Ct. 1962, 33 Misc.2d 938, 942, 225 N.Y.S.2d 822, 826; People v. Cunningham, Bronx County Ct. 1954, 2 Misc.2d 162, 164, 134 N.Y.S.2d 212, 215, appeal dismissed, 283 App.Div. 1057, 132 N.Y.S.2d 927.
Other courts adhere to the principle that the right of a defendant to represent himself is not absolute and will not recognize this right when to do so will disrupt the court's business. United States v. Mitchell, supra; Overholser v. De Marcos, 1945, 80 U.S.App.D.C. 91, 149 F.2d 23, 26, cert. denied, 325 U.S. 889, 65 S.Ct. 1579, 89 L.Ed. 2002. Cases adhering to this line of reasoning generally hold so on the basis that the accused is not mentally competent or sui juris to conduct his own defense without aid of counsel and consider that there must necessarily repose in a trial court a certain discretion in matters where the mental condition of the accused is such, either by mental derangement or by lack of knowledge, that the court feels that the accused would thus be deprived of a fair trial by conducting his own defense, or that the gravity of the offense is such that it carries a severe penalty and in the interest of justice the court feels it necessary in order to protect the judicial processes from deterioration to appoint a counsel to represent the accused.
Using the principles obtained from the above cited cases, this court holds to the general rule that in the absence of unusual circumstances an accused who is mentally competent and sui juris has the right to conduct his own defense without the aid of counsel.[1]
*918 To invoke this right the criminal defendant must make an unequivocal request to act as his own lawyer. Such request must be made prior to the commencement of the trial. The defendant having complied with these requirements, the trial judge must then determine if the defendant has intelligently and competently waived his right to counsel and that no unusual circumstances exist which would preclude the defendant from representing himself without assistance of counsel.
If the defendant has not complied with the above requirements and the trial has begun with defendant represented by counsel, there must then be shown that prejudice to the legitimate interest of the defendant overbalances the potential disruption of proceedings already in progress, with considerable weight being given to the trial judge's assessment of this balance.
In determining unusual circumstances, included but not limited thereto is whether the accused by reason of age, mental derangement, lack of knowledge, or education, or inexperience in criminal procedures would be deprived of a fair trial if allowed to conduct his own defense, or in any case, where the complexity of the crime was such that in the interest of justice legal representation was necessary. The right of an accused to represent himself without assistance of counsel is not so absolute that it must be recognized when to do so would jeopardize a fair trial on the issues.
The determination of whether unusual circumstances are evident is a matter resting in the sound discretion granted to the trial judge in conducting the trial in a cause and will not be disturbed unless an abuse is shown. Ellard v. Godwin, Fla. 1955, 77 So.2d 617.
A review of the record vividly illustrates that after the defendant requested prior to trial to act as his own counsel, the trial judge made no determination as to whether the defendant intelligently and competently waived his right to counsel, nor was any determination made concerning unusual circumstances which would preclude the defendant from acting as his own lawyer.
We glean from the record that the defendant is an adult and possessed of alertness and the capacity to understand his rights. He had been in other courts on prior charges and was no stranger to the criminal procedures. On one occasion during the trial the defendant and his court-appointed counsel argued as to the admissibility of a judgment and sentence which the state wished to offer in evidence. The brief prepared by the defendant on appeal is written with legal ability far above the level of a layman. In short, the defendant would not fall into that category of persons who would be deprived of a fair trial if allowed to conduct their own defense, nor is the crime of which the defendant was accused of such complexity that in the interest of justice legal representation is necessary. Under these circumstances we find that the court committed error in denying the defendant the right to defend himself in person without first making a determination which would lend credence to such denial.
For the foregoing reasons the judgment and sentence of the trial court is reversed and the cause remanded for a new trial consistent with the views herein expressed.
Reversed and remanded for a new trial.
McCAIN and REED, JJ., concur.
NOTES
[1] For an excellent annotation dealing with this subject, see 77 A.L.R.2d 1233. Also see 21 Am.Jur.2d, Criminal Law, § 310, and 23 C.J.S. Criminal Law § 979(4).