216 So.2d 749 (1968)
STATE of Florida, Appellant,
v.
Nicholas CAPPETTA, Appellee.
No. 37099.
Supreme Court of Florida.
December 10, 1968.
Rehearing Denied January 6, 1969.
Earl Faircloth, Atty. Gen., and Charles W. Musgrove, Asst. Atty. Gen., for appellant.
Parkhurst & Hayes, Fort Lauderdale, for appellee.
HOPPING, Justice.
The State of Florida, by direct appeal, contests a decision of the District Court of Appeal, Fourth District, which reversed the conviction of appellee and granted a new trial. See Cappetta v. State, 204 So.2d 913 (4th DCA Fla. 1968).
Appellee alleged for the first time on appeal that fundamental error had been committed by the trial court regarding his right to waive counsel and singlehandedly conduct his own defense. The District Court upheld appellee's interpretation of the events at trial (which we shall review presently) as repugnant to what it initially deemed to be essential standards of fairness guaranteed to an accused by Section 11 of the Declaration of Rights, F.S.A. In essence, the District Court held that Section 11 was a "specific organic directive" guaranteeing "one of the most elementary prerequisites of a fair trial," the right of an accused to be defended by himself, or counsel, or both himself and counsel.
The District Court's decision was clearly predicated on its initial construction of a controlling provision of the Florida Constitution, namely Section 11, Declaration of Rights, thus giving this Court appellate jurisdiction. See Armstrong v. City of Tampa, 106 So.2d 407 (Fla. 1958).
*750 Appellee was an indigent and the trial court appointed counsel for him. However, at the trial but prior to the taking of testimony, appellee stated that he had previously filed a motion for proceeding in proper person without aid of counsel. The following exchange then occurred:
"THE COURT: If you do not want this attorney, that is your business, but he is going to sit there at that table and if you want his advice you can ask him for it.
"MR. CAPPETTA: No, sir, I would like to conduct my own cause, please, sir.
"THE COURT: All right, but he will sit there and the record will show that he is there, you have an attorney and he is there. (Emphasis supplied)
"MR. CAPPETTA: I have a right to waive attorney, I want to conduct my own cause and waive counsel. I would like to have the court's permission to have at least 30 days to prepare a case. As you know, I just came from Raiford, I thought it was all over with.
"THE COURT: Motion denied.
"MR. CAPPETTA: I am not going to get a continuance?
"MR. RICH: I would like the record to reflect that I am here, Charles Rich, and appointed by the court as attorney of record and I am ready to proceed and prepared.
"THE COURT: Call your first witness.
"MR. RICH: Before we start the trial your Honor, I would like to invoke the Rule."
The District Court reversed the trial court because it felt that this exchange evidenced a denial of the accused's right to waive counsel and conduct his own defense, a right which the District Court deemed not subject to limitation without proper judicial consideration of the circumstances at hand.
Upon a careful reading of the record, we are convinced that the trial court did not deny appellee's motion to proceed in proper person. We note that in his reply to appellee's statement that he would like to conduct his own cause, the trial judge granted the motion with an affirmative "All right * * *." Immediately after this motion was granted, appellee proceeded to conduct his own defense by requesting a continuance on grounds that he needed more time to prepare his own defense.
Since the District Court's Decision to reverse was predicated on what it construed to be a denial of appellee's motion we are tempted to simply dispose of the case on this ground. However, some additional points require our attention. We are satisfied with the general rule as delineated by the District Court that in the absence of unusual circumstances an accused who is mentally competent and sui juris has the right to conduct his own defense without counsel by virtue of Section 11, Declaration of Rights, Florida Constitution.
Nevertheless, it is well settled that a person cannot complain of alleged errors resulting from his own intentional relinquishing, or waiver, of his rights, if done intelligently and with competence. e.g. Mason v. State, 176 So.2d 76 (Fla. 1965).
The evidence here affirmatively establishes an effective waiver by appellee of his right to proceed in proper person. We note in the record that appellee raised no objections to the remarks of appointed counsel coming after grant of the motion in question. No objection was raised to counsel's increasing involvement in the defense, an involvement which culminated in counsel's almost singlehanded presentation of the defendant's defense during the latter portions of the proceedings. It is also significant that in his original assignments of error, appellee failed to allege in any fashion a denial of his right to conduct his own cause. Finally, it is instructive to observe that the original appeal brief of appellee went forward on the assumption that his motion had been granted, although he *751 later filed an amended brief pleading otherwise.
Taking all of these things together, and assuming that the District Court was correct in characterizing appellee as "possessed of alertness and capacity to understand his rights" we can only conclude that appellee voluntarily and intelligently waived his right to proceed under his own banner by fully accepting the beneficial assistance of counsel which in no way prejudiced his trial. For similar decisions in cases almost factually on point regarding waiver, see Brown v. United States, 105 U.S.App.D.C. 77, 264 F.2d 363 (1959) and United States v. Cantor, 217 F.2d 536 (2nd Cir.1954).
For the foregoing reasons the decision of the District Court is reversed with directions to reinstate the appellee's conviction.
It is so ordered.
CALDWELL, C.J., and ROBERTS, DREW, THORNAL and ERVIN, JJ., concur.