337 So.2d 846 (1976)
Leroy WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 76-244.
District Court of Appeal of Florida, Second District.
October 1, 1976.
Rehearing Denied October 20, 1976.
*847 Leonard Holton, of Hoffer & Sheffey, P.A., Zephyrhills, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant appeals his conviction for escape on the ground that he was unconstitutionally denied his right to defend himself at the trial.
Following the filing of the information, the court appointed private counsel to defend appellant because a co-defendant was involved. On the date of the trial but prior to its commencement, appellant's attorney asked leave to withdraw because the appellant wanted to represent himself. The motion was denied. When the case was called to trial, the attorney renewed his motion to withdraw, and it was again denied. Thereafter, a motion for mistrial was made by appellant's attorneys on the same ground with the same result.
In State v. Cappetta, Fla. 1968, 216 So.2d 749, our Supreme Court approved the rule that in the absence of unusual circumstances, an accused who is mentally competent and sui juris has the right to conduct his own defense without counsel. Accord, McCain v. State, Fla.App.2d, 1973, 275 So.2d 596. More recently, the United States Supreme Court in Faretta v. California, 1975, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562, held that a defendant in a state criminal trial had a constitutional right to proceed without counsel when he voluntarily and intelligently elected to do so.
The foregoing authorities make it clear that when appellant's counsel advised that appellant wished to defend himself, the court should have conducted an inquiry to see if appellant was making an intelligent and voluntary decision. Upon the determination that appellant had made a voluntary and intelligent election to defend himself, the court should have permitted him to do so. There was no such inquiry made in this case, though to the extent that appellant was permitted to speak, it does appear that he was seeking to represent himself. While better practice would have dictated the filing of a motion to withdraw as counsel at an earlier date, the record reflects that appellant's attorney had not seen appellant for about three months because he had been incarcerated in the state prison system for conviction of another crime and had only been returned for trial just before it was scheduled to begin. Therefore, the late request could not justify the refusal to permit appellant to defend himself, though it may well have been a good reason to deny him a continuance for the purpose of preparation.
The judgment is reversed and the case remanded for a new trial.
McNULTY, C.J., and SCHEB, J., concur.