358 So.2d 562 (1978)
Samuel AUSBY, Appellant,
v.
STATE of Florida, Appellee.
No. HH-297.
District Court of Appeal of Florida, First District.
April 25, 1978.
Rehearing Denied June 1, 1978.
Michael J. Minerva, Public Defender, Margaret Good, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., George R. Georgieff and Patti Englander, Asst. Attys. Gen., for appellee.
MILLS, Judge.
A jury convicted Ausby of kidnapping, sexual battery, armed robbery and aggravated battery. He appeals contending that he was denied his constitutional right to defend himself without proper inquiry by the trial court. We agree and reverse.
At Ausby's request, and upon being adjudged insolvent, the public defender was appointed to represent him. Shortly before trial he indicated to his public defender attorney his desire to discharge him and to proceed as his own attorney. The public defender arranged for him to be heard by the Court. At the hearing, Ausby orally *563 moved the court to relieve the public defender and to permit him to represent himself. The Court conducted an inquiry into his educational background and his reasons for wanting the public defender discharged. Ausby complained the public defender did not maintain adequate personal contact with him, failed to locate and interview potential defense witnesses and failed to provide him with copies of depositions. The public defender informed the court that he visited Ausby weekly, that potential defense witnesses were actively being sought and copies of depositions would be furnished Ausby as soon as the court reporter transcribed them. Without further inquiry, the court denied Ausby's motion.
Our Supreme Court has stated that in the absence of unusual circumstances, an accused who is mentally competent and sui juris has the right to conduct his own defense without counsel. State v. Cappetta, 216 So.2d 749 (Fla. 1968). Among the unusual circumstances which would preclude a defendant from representing himself are where by reason of his age, mental derangement, lack of knowledge or education, or experience in criminal procedures would deprive him of a fair trial if allowed to conduct his own defense or in any case, where the complexity of the crime is such that in the interest of justice legal representation is necessary. Cappetta v. State, 204 So.2d 913 (Fla. 4th DCA 1967). The United States Supreme Court has stated that a defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
When Ausby moved the court to permit him to defend himself, the court should have conducted an inquiry to see if he was making an intelligent and voluntary decision. Upon making a determination that Ausby had made a voluntary and intelligent election, the court should have permitted him to defend himself. Williams v. State, 337 So.2d 846 (Fla. 2d DCA 1976).
The record furnished us discloses that the trial court did no more than make inquiry of Ausby as to his educational background and why he wished to discharge the public defender. The record does not disclose what inquiry the court made about Ausby's educational background. It does not give us any information concerning this background. The record reveals that the court's inquiry did not comply with the requirements of our Supreme Court or of the United States Supreme Court.
The court should have made Ausby aware of the dangers and disadvantages of representing himself; the record should have established that Ausby knew what he was doing and that his choice was made with his eyes open. Faretta, supra. No such inquiry was made in this case.
The State argues that the crimes with which Ausby was charged were so complex that legal representation was necessary and that the court correctly denied Ausby's motion. This argument is without merit because the record is devoid of any inquiry or determination by the trial court as suggested by Cappetta (Fla. 4th DCA), supra.
Our review of this record shows atrocious crimes were committed upon the victim; that Ausby received good legal representation prior to and at the trial; and that he was found guilty by a jury of his peers after a trial free of error except for the one now urged here. Nevertheless, however distasteful to us, we are compelled to comply with the law laid down by our Supreme Court and by the United States Supreme Court. For this reason, we are compelled to reverse this case and remand it to the trial court for a new trial.
McCORD, C.J., and BOYER, J., concur.