368 So.2d 674 (1979)
Ernest ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. KK-66.
District Court of Appeal of Florida, First District.
March 23, 1979.
*675 Michael J. Minerva, Public Defender, Margaret C. Good, Asst. Public Defender, and Kathleen F. Dekker, Sp. Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Miguel A. Olivella, Jr., Asst. Atty. Gen., for appellee.
PER CURIAM.
Robinson seeks review of his conviction for aggravated battery contending he was deprived of his constitutional right to counsel without a voluntary, intelligent, and knowing waiver of this right. We agree and reverse.
Prior to trial, the public defender was appointed to represent Robinson. One week prior to trial, a hearing was held to relieve the public defender from representing Robinson because Robinson had expressed a desire to proceed as his own attorney. Although a defendant has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so, Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), when a defendant, prior to trial, requests permission to represent himself, an inquiry must be conducted by the court to determine whether the defendant is making an intelligent and voluntary decision and is knowingly waiving his right to counsel. Ausby v. State, 358 So.2d 562 (Fla. 1st DCA 1978). The trial court should also determine whether unusual circumstances exist which would preclude the defendant from representing himself. In this regard, the court should determine whether the accused, by reason of his age, mental derangement, lack of knowledge, or education, or inexperience in criminal proceedings would be deprived of a fair trial if allowed to conduct his own defense. Cappetta v. State, 204 So.2d 913 (Fla. 4th DCA 1968).
The inquiry, sub judice, was totally inadequate to reflect a knowing and intelligent waiver by Robinson of his constitutional right to counsel. The record fails to establish that Robinson, in seeking self-representation, "[knew] what he [was] doing and that his choice [was] made with [his] eyes open." Faretta, 422 U.S. at 835, 95 S.Ct. at 2541. Accordingly, Robinson's conviction is reversed and the cause is remanded for a new trial.
MILLS, Acting C.J., and ERVIN, J., and MASON, ERNEST E., Associate Judge, concur.