413 So.2d 834 (1982)
Michael V. COSTELLO, Petitioner,
v.
Wayne M. CARLISLE, Respondent.
No. AF-488.
District Court of Appeal of Florida, First District.
May 6, 1982.
Michael V. Costello, petitioner, pro se.
Jim Smith, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., for respondent.
PER CURIAM.
This cause arose as a petition for writ of mandamus to compel the trial judge to grant petitioner's motion to discharge court-appointed counsel and to proceed pro se. We issue the writ.
Petitioner, an inmate being held in close custody at Florida State Prison, is the subject of a three-count information charging him with possession of contraband while in prison. He filed a timely motion to discharge court-appointed counsel and to proceed pro se. A hearing was conducted on the motion, at which testimony of prison officials and employees was taken, concerning the effect of petitioner's close custody status on his ability to depose witnesses, perform the necessary legal research and have a cell where he may prepare his case without interruption.[1] The trial judge denied petitioner's motion on the basis that, providing petitioner with the accommodations *835 necessary to adequately prepare his case would involve a great security risk in the prison and would require the trial court to issue orders that would contravene the rules and regulations of the institution. The judge declined to reach the issue whether petitioner is capable and competent to represent himself.
Thereafter, petitioner filed his petition for writ of mandamus in this court. We find that, under the circumstances, a writ of mandamus will lie to compel the trial judge to perform acts which are consistent with an accused's fundamental constitutional rights. State ex rel Brown et al. v. Dewell, 123 Fla. 785, 167 So. 687, 690 (1936).[2]
The United States Supreme Court, in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), found that the Sixth Amendment of the United States Constitution guarantees an accused the right to represent himself. The Florida Supreme Court, in Goode v. State, 365 So.2d 381, 383 (Fla. 1979), noted that Florida has historically recognized the right of a criminal defendant to represent himself. State v. Cappetta, 216 So.2d 749 (Fla. 1968); Deeb v. State, 131 Fla. 362, 179 So. 894 (Fla. 1937); Cook v. State, 167 So.2d 793 (Fla. 1 DCA 1964). As stated in Faretta, supra, at 835, 95 S.Ct. at 2541, the duty of the trial court upon receiving a timely motion to proceed pro se is first, to make the defendant aware of the benefits he must relinquish, and the dangers and disadvantages of self representation. Thereafter, the trial court must make a determination that defendant is making his choice voluntarily and intelligently. While this court has said the trial court should also determine whether unusual circumstances exist which would cause the accused to be deprived of a fair trial if permitted to conduct his own defense, the intent of that inquiry into the accused's age, mental derangement, lack of knowledge, education, or inexperience in criminal proceedings, is to make certain that defendant is aware of the disadvantage under which he is placing himself. See Robinson v. State, 368 So.2d 674, 675 (Fla. 1 DCA 1979), Ausby v. State, 358 So.2d 562 (Fla. 1 DCA 1978).
Among the disadvantages petitioner Costello will experience are his restricted access to law books, his inability to conduct investigations and to interview and depose witnesses as he desires, and the inadequacy of his living quarters. Some of these problems have been addressed by other jurisdictions. See e.g., Wells v. State, 358 So.2d 1113 (Fla. 4 DCA 1978). See generally, 98 A.L.R.3d 13-92 (1980, supp. 1981).
Accordingly, the trial court is ordered to conduct the hearing on petitioner Costello's Motion to Proceed Pro Se, said hearing to comply with the dictates of Faretta v. California, supra, and Goode v. State, supra.
McCORD, LARRY G. SMITH and WENTWORTH, JJ., concur.
NOTES
[1] Petitioner had also filed with the trial court a motion to gain access to the prison's law library, because under the Department of Corrections' regulations, prisoners being held in close custody are not permitted into the library; instead, upon request, books and cases are brought to the close custody prisoners in their cells. He also filed a motion to be assigned to a wing of the institution where he would have sufficient solitude to adequately prepare for trial. These motions are not before us and we decline to consider them.
[2] Petitioner could have raised the issue on appeal and in all probability been provided a new trial. See 98 A.L.R.3d § 4(a) (1980, supp. 1981). However, we agree with the Ninth Circuit's statement in Bittaker v. Enomoto, 587 F.2d 400, 403 (9th Cir.1978), cert. denied 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 386 (1978), that the "purpose of the right is to protect the defendant's personal autonomy, ... . Thus, a denial of the right automatically prejudices the defendant's freedom interest." Therefore, we follow the Florida Supreme Court in State ex rel Brown et al. v. Dewell, 123 Fla. 785, 167 So. 687 (1936), holding,

[2] Where denial of the benefit of the constitutional Bill of Rights is clearly alleged and shown, the remedy by writ of error may not be adequate to fully protect the rights of an accused to a speedy and fair trial according to essential requirements of law, and where the demonstrated exigencies of a particular situation shown to exist demand it, an appropriate original writ from the Supreme Court may be issued before, or during the progress of, a criminal trial in order to secure to a defendant prior to conviction the protection of a fundamental right secured to him by the Constitution as a part of his trial.