429 So.2d 1369 (1983)
Franklin KIMBLE, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1208.
District Court of Appeal of Florida, Third District.
April 26, 1983.
*1370 Bennett H. Brummer, Public Defender, and Samek & Besser and Lawrence Besser, Sp. Asst. Public Defender, Miami, for appellant.
Jim Smith, Atty. Gen., and William Thomas, Asst. Atty. Gen., for appellee.
Before NESBITT, DANIEL S. PEARSON and FERGUSON, JJ.
NESBITT, Judge.
Kimble appeals his conviction of robbery with a deadly weapon and burglary of a dwelling with an assault therein. The sole issue is whether the trial court erred in denying the defendant's request to represent himself.
After the defendant was taken into custody, he was adjudged insolvent and the public defender was appointed to represent him. Several weeks later, the defendant sought and obtained the dismissal of his counsel and a second public defender was appointed. The case proceeded to trial. Toward the close of the jury selection process, the defendant advised the court that he wished to fire his attorney because he had not prepared the case to the defendant's satisfaction. Kimble informed the court *1371 that his family was in the process of hiring a private attorney. The trial court recessed overnight to give the defendant's family an opportunity to retain counsel. When it appeared the next day that private counsel had not been retained, the trial judge attempted to proceed with the trial. Thereupon, the defendant clearly and unequivocally demanded that he be allowed to represent himself. The trial court denied his request and the case proceeded to trial. On defendant's instructions, counsel stood mute during the trial as did the defendant.
Although it is clear that a defendant has a right to proceed without counsel, when an accused chooses to do so, an inquiry must be conducted to determine whether the defendant knowingly and intelligently is waiving his constitutional right. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Robinson v. State, 368 So.2d 674 (Fla. 1st DCA 1979); Ausby v. State, 358 So.2d 562 (Fla. 1st DCA 1978). In the absence of unusual circumstances, an accused who is mentally competent and sui juris has the right to conduct his own defense. State v. Capetta, 216 So.2d 749 (Fla. 1968), cert. denied, 394 U.S. 1008, 89 S.Ct. 1610, 22 L.Ed.2d 787 (1969); Williams v. State, 337 So.2d 846 (Fla. 2d DCA 1976). The unusual circumstances to be considered include whether the accused by reason of his age, mental derangement, lack of knowledge or education, or inexperience in criminal proceedings would be deprived of a fair trial if allowed to conduct his own defense. Robinson v. State, supra. This does not imply that the defendant must have the skill and experience of a lawyer in order to competently and intelligently choose self-representation, see Faretta v. California, supra; however, it does require that the defendant be made aware of the dangers and disadvantages of self-representation. Smith v. State, 407 So.2d 894 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2260, 72 L.Ed.2d 864 (1982); Costello v. Carlisle, 413 So.2d 834 (Fla. 1st DCA 1982).
Applying these principles to the facts of the present case, we must reject as a basis for denying the defendant the right to self-representation, the fact that Kimble stated to the trial judge that he was unqualified. The defendant's technical knowledge of the law is not relevant to an assessment of his knowing exercise of the right to defend himself. Faretta v. California, supra. Had the defendant been made aware of the dangers and disadvantages of self-representation and chosen to do so anyway, the defendant would have been entitled to proceed without counsel.[1]
In the present case, the record discloses that after the defendant announced a clear and unequivocal desire to represent himself, compare Johnson v. State, 427 So.2d 1103 (Fla. 3d DCA), the court did no more than inquire as to why the defendant was unhappy with his public defender and ask a few questions concerning his educational background. Because this inquiry was insufficient, see Ausby v. State, supra, we are compelled to reverse the defendant's conviction and remand for a new trial.
Reversed and remanded.
NOTES
[1] Once a defendant has voluntarily made this choice, he will not thereafter be heard to complain that the quality of his defense amounted to ineffective assistance of counsel. See Faretta v. California, 422 U.S. at 834, n. 46, 95 S.Ct. at 2541 n. 46. While it may seem foreign to our constitutional scheme to allow such inadequate representation, it must be remembered that the defendant will bear the consequences of his conviction and he should therefore be free to choose how he will conduct his defense. Faretta v. California, 422 U.S. at 834, 95 S.Ct. at 2540.