NIMMONS, Judge.
Defendant Martin appeals from his conviction of possession of a firearm by a con *980 victed felon. He complains that his Sixth Amendment right to counsel was violated by reason of inadequate inquiry by the trial judge regarding Martin’s waiver of his right to counsel. We disagree and affirm.
Prior to trial, Martin had been represented by the public defender. On the morning of the scheduled trial and after the jury had been selected but not yet sworn, the public defender advised the court that his client wished to discharge him and represent himself. During the colloquy which ensued, it became apparent that Martin’s request to represent himself arose out of a disagreement with his attorney. It seems that Martin had the erroneous fixed notion that as soon as he was released on parole by the California authorities from his sentence on the felony conviction which the State was relying upon in the instant prosecution, he no longer could be regarded as a convicted felon and, thus, his release on parole would be a complete defense to the charge of possession of a firearm by a convicted felon. Of course, no such defense is available, but his attorney was unsuccessful in convincing the defendant of his erroneous conception of the law. The judge also explained to the defendant that his prior release on parole was not a defense, but the judge was no more successful than was Martin’s lawyer.
Martin also told the court that he had “no driver’s license or social security in this town right here” and that he had “no felonies in this town.” The judge fully explained to Martin that the prior felony conviction could be from any state or federal court and that it did not matter that he had never been convicted “in this town.” The court also explained the defendant’s constitutional right to counsel pursuant to which the court had appointed the public defender to represent him. Martin indicated that he understood. The trial judge advised the defendant against waiving counsel and, in fact, asked Martin if he had ever heard the old saying that he who represents himself has a fool for a client. Martin replied that he had. Nevertheless, Martin persisted in his request to represent himself.
The trial judge inquired of defense counsel if he thought his client had the intelligence to make the decision of whether to waive his right to counsel. The public defender replied that Martin did possess the necessary intelligence according to a psychiatric report which had been submitted to the court.
The judge then stated that, based upon his review of the psychiatric report and the judge’s prior knowledge of and contact with Martin in prior proceedings, he would allow Martin to represent himself. However, the judge informed the public defender that he would be required to stand by in the courtroom and be available to Martin with the understanding that, if necessary, the court would reinstate full representation by counsel.
The jury was then sworn and trial commenced. It appears from the record that the only active participation in the trial by the public defender was in interposing one or two objections or motions. Otherwise, Martin represented himself throughout the trial. Although Martin did not testify in his own behalf, he freely admitted during his opening statement and his cross-examination of some of the state’s witnesses that he was in possession of the subject firearm on the date charged. The uncontroverted evidence of the State also established that the defendant was indeed a convicted felon, he having previously been convicted of the felony of “rape by threat” in the State of California. The charged offense being relatively uncomplicated and straightforward, the trial consumed less than one day. On appeal, the public defender raises no issue regarding sufficiency of the evidence or any trial error other than that pertaining to the court’s permitting the defendant to waive counsel.
In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that the Sixth Amendment affords state defendants the right of self-representation.[1] In Faretta, the court *981 vacated the California judgment of conviction because the trial court denied Faretta’s request to represent himself. With respect to a defendant’s waiver of his right to counsel, the court stated:
Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that “he knows what he is doing and his choice is made with eyes open.” Adams v. United States ex rel. McCann, 317 U.S., [269] at 279, 63 S.Ct. [236] at 241 [87 L.Ed. 268] .... Here, weeks before trial, Faretta clearly and unequivocally declared to the trial judge that he wanted to represent himself and did not want counsel. The record affirmatively shows that Faretta was literate, competent, and understanding, and that he was voluntarily exercising his informed free will. The trial judge had warned Faretta that he thought it was a mistake not to accept the assistance of counsel and that Faretta would be required to follow all the “ground rules” of trial procedure. We need make no assessment of how well or poorly Faretta had mastered the intricacies of the hearsay rule and the California code provisions that govern challenges of potential jurors on voir dire. For his technical legal knowledge, as such, was not relevant to an assessment of his knowing exercise of the right to defend himself. [422 U.S. at 835, 95 S.Ct. at 2541 (footnotes omitted) ]
This court has recognized the principle that when a defendant, prior to trial, requests permission to represent himself, the court must make inquiry to determine whether the defendant’s decision to represent himself is intelligently and voluntarily made and that he is knowingly waiving his right to counsel, and the trial court should also determine whether unusual circumstances exist which would preclude the defendant from representing himself. Robinson v. State, 368 So.2d 674 (Fla. 1st DCA 1979); Ausby v. State, 358 So.2d 562 (Fla. 1st DCA 1978); Parker v. State, 423 So.2d 553 (Fla. 1st DCA 1982).
We hold that the inquiry by the trial judge in the instant case was sufficient. On this point, the case of Goode v. State, 365 So.2d 381 (Fla.1979), is strikingly similar except that Goode was charged with a far more serious offense, first degree murder. In Goode, the court, in affirming the conviction and upholding the death penalty, held that the trial court’s inquiry was sufficient and that Goode’s right to counsel was not violated by the trial court’s allowing the defendant to represent himself. The court stated:
Defendant Goode unequivocally declared that he wanted to represent himself. The record shows that he was literate, competent, and understanding. He was voluntarily exercising his informed free will even though the judge warned him that it was a mistake not to accept representation. Nevertheless, in an effort to further protect his rights, the court furnished counsel for the purpose of giving legal advice when needed. Defendant did not object to this form of self-representation with the assistance of appointed counsel. The record clearly reflects that defendant was allowed self-representation and the record does not reflect that counsel was forced upon an unwilling defendant. In fact, defendant knowingly consented to the appearance of counsel and, in fact, sought legal advice from him during the course of the trial. [365 So.2d at 384]
At trial Goode admitted his guilt. In fact, he stated that “I am extremely proud of myself knowing that I [murdered the victim] for the fun of it, so to say” and that he “had absolutely no remorse whatsoever.” Ibid.
*982 In Goode, as here, the trial court relied in part upon a psychiatric report the contents of which, interestingly, describe a defendant less mentally stable than Martin. Although concluding that the defendant was competent to stand trial, the report in Goode revealed “signs of schizophrenia.” Four psychiatrists who examined Goode all agreed that he suffered from a mental disorder, one of whom concluded that he was incompetent to stand trial or assist in his defense.
In contrast, the report relied upon by the trial judge in the instant case, which was dated just five days prior to trial, indicated that (1) Martin was not psychotic, although he had a “dyssocial personality,” (2) he was oriented as to person, place and time; (3) he was in no apparent distress; (4) he exhibited no particular mood abnormality; (5) there appeared to be no memory difficulty; (6) he had at least average intelligence; (7) he is aware of what he is doing and is probably quite purposeful in his behavior; (8) he was cooperative during the interview; (9) he maintained his innocence; (10) he has not been particularly cooperative with his attorney because he does not trust him; (11) he has hostile feelings towards authority and the legal process; (12) “he probably is potentially dangerous and was quite open in his admission of a willingness to commit murder if the circumstances warranted it”; and (13) that he “will be a difficult person to provide counsel to, but there is no reason that he should not be able to cooperate with counsel.”
Martin clearly and unequivocally requested permission to represent himself. Compare Keene v. State, 420 So.2d 908 (Fla. 1st DCA 1982). The trial court then made sufficient inquiry to satisfy itself that his decision to represent himself was intelligently and voluntarily made and with knowledge of the waiver of his constitutional right to counsel. Goode v. State, supra.
It is not the function of trial courts to force counsel upon any defendant, indigent or otherwise. Cook v. State, 167 So.2d 793, 794 (Fla. 1st DCA 1964); Swarthout v. State, 165 So.2d 773 (Fla. 3rd DCA 1964). When trial judges are confronted with a defendant who demands to represent himself, the judge has, by virtue of the applicable authorities cited above, the unenviable task of balancing the defendant’s constitutional right to represent himself against his Sixth Amendment right to counsel. The difficulty in walking this judicial tightrope lies in applying the standards or factors which the authorities have established in attempting to assure that the defendant is protected from himself, i.e. in assuring that his decision to represent himself is not ill-considered. Common sense and fair play demand trial judges be given sufficient leeway in performing this balancing act.
The trial court did not err in granting the defendant’s motion to represent himself. We, therefore, affirm.
LARRY G. SMITH and JOANOS, JJ., concur.

. Long before Faretta, Florida had recognized the right of a mentally competent, sui juris *981 defendant to represent himself absent unusual circumstances. Deeb v. State, 131 Fla. 362, 179 So. 894 (1937); State v. Capetta, 216 So.2d 749 (Fla.1968); Cook v. State, 167 So.2d 793 (Fla. 1st DCA 1964).