437 So.2d 711 (1983)
Bobby LYONS, Appellant,
v.
STATE of Florida, Appellee.
No. AO-390.
District Court of Appeal of Florida, First District.
August 16, 1983.
Rehearing Denied September 28, 1983.
Michael Allen, Public Defender, Gwendolyn Spivey, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Gregory C. Smith, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Lyons appeals a verdict of guilty on charges of possession of a weapon, aggravated battery, and lesser included offense of resisting an officer without offering to do violence. He raises two points on his appeal. The trial court erred in denying his request to represent himself and it erred in excluding defense evidence that the victim consented to the aggravated battery. We affirm.
After the jury had been sworn, Lyons requested that he be allowed to represent himself. The judge denied the request as untimely.
At trial, the testimony established that on 17 March 1982, Lyons and Bailey, the victim, were prisoners at Florida State Prison. Bailey, who was handcuffed, was being escorted back to his cell from the clinic by a prison guard. Lyons ran out of a door and began stabbing at Bailey with a homemade knife. Lyons was restrained by the guard and another guard recovered the knife. Four guards and Bailey testified for the State.
The defense attorney tried to cross-examine Bailey about his relationship and interaction with Lyons. The trial judge sustained the State's objections to the questions as irrelevant. With the jury excused, defense counsel tried to proffer Bailey's anticipated answers, but was allowed only to explain how those answers might be relevant to the defense theory of consent. The testimony of defense witnesses was also excluded as irrelevant. The defense attorney summarized their testimony and argued it would establish the defense of consent to the aggravated battery charge. The trial court assured defense counsel that it would exclude the witnesses' testimony and Lyons' testimony as irrelevant. Lyons then decided not to take the stand and the defense rested.
Lyons first contends that his request to represent himself was timely, and that the denial of his request, without any inquiry to determine his ability to do so, violated his rights under the federal and state constitutions. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Cook v. State, 167 So.2d 793 (Fla. 1st DCA 1964); Cappetta v. State, 204 So.2d 913 (Fla. 4th *712 DCA 1967), rev'd. on other grounds, 216 So.2d 749 (Fla. 1968).
He contends that there is no credible distinction between his case and Kimble v. State, 429 So.2d 1369 (Fla. 3d DCA 1983); and Martin v. State, 434 So.2d 979 (Fla. 1st DCA 1983).
In Kimble, the defendant made his request "toward the end of the jury selection process." The Third District Court reversed his conviction because the trial court had denied his request without sufficient inquiry.
In Martin, the trial judge granted defendant's request made on the morning of the trial and after the jury had been selected but not yet sworn.
The distinction is that Lyons made his request after the jury had been selected and sworn and as counsel were about to make their opening statements. Cappetta v. State, supra, requires: "Such request must be made prior to the commencement of trial." Cappetta also directs:
If the defendant has not complied with the above requirements and the trial has begun with defendant represented by counsel, there must then be shown that prejudice to the legitimate interest of the defendant overbalances the potential disruption of proceedings already in progress, with considerable weight being given to the trial judge's assessment of this balance.
We agree with the trial judge that Lyons' request was untimely. To have granted his motion at that time would have "disrupted the proceedings already in progress," Cappetta, supra. It was within the trial judge's discretion to deny the request at that time, and we have not been shown how that denial was prejudicial. Cappetta, supra.
Lyons also alleges that the trial judge erred in excluding all defense evidence that the victim had consented to the aggravated battery; thus, denying him his right to present a defense; to cross-examine witnesses; to testify in his own behalf; and to proffer excluded testimony in violation of his rights under the state and federal constitutions.
At the heart of Lyons' argument is whether consent is a defense to criminal aggravated battery and whether the excluded testimony was relevant to consent.
First, we have determined that this point was sufficiently preserved in the record to allow this court to review it. Section 90.104(1)(b), Florida Statutes (1981). Next, we have found that although during the trial the judge refused to accept the proffered testimony, there was enough of the testimony in the record to allow this court adequate review on whether the trial judge's ruling was proper. Piccirrillo v. State, 329 So.2d 46 (Fla. 1st DCA 1976); Phillips v. State, 351 So.2d 738 (Fla. 3d DCA 1977); Pender v. State, 432 So.2d 800 (Fla. 1st DCA 1983).
Having made these initial determinations, we reach the issue of whether consent is a valid defense to a criminal prosecution of aggravated battery. We have found no cases in Florida directly on this point. The general view is that consent is not a defense to a criminal prosecution for assault and battery, except in cases of rape. See, e.g. 58 A.L.R.3d 662 (1974). The common reason given is: "Whether or not the victims of crimes have so little regard for their own safety as to request injury, the public has a stronger and overriding interest in prohibiting and preventing such acts as this." State v. Fransua, 85 N.M. 173, 510 P.2d 106 (1973). We agree with this view, and for this reason hold that consent is not a valid defense to criminal aggravated battery; therefore, the exclusion of testimony relating to consent was proper.
AFFIRMED.
ERVIN, C.J., and LARRY G. SMITH, J., concur.