WARNER, J.,
concurring specially.
I concur. I would add that the trial court’s order stated that the prosecutor agreed at a hearing on April 6, 2000, that the adversarial hearing could result in a dismissal of the case. However, nowhere in that transcript was any such statement made.
Furthermore, while not argued by appellant, I think it is important to address the court’s substantive ruling that consent is a defense to battery. This was a case of domestic violence. The incident was observed by two witnesses who saw appel-lee’s vehicle swerving on 1-95. They saw appellee and the victim struggling inside the car and saw appellee smash the victim’s head into the windshield of the vehicle. When the eyewitnesses arrived at their home, they again saw appellee and the victim. Appellee struck the victim, charged after her when she attempted to flee, grabbed her by the hair, dragged her, and punched her several more times.
The victim was discovered by an officer as she staggered down the road, with blood coming from her nose. Before she lost consciousness, the victim told the officer that appellee threw her out of his truck as it was moving.
The state had statements from both eyewitnesses, evidence of the victim’s injuries, and physical evidence from the vehicle. Unfortunately, because of the rescheduling of the adversarial hearing, the support staff had not gotten out the subpoenas for the witnesses. The state asked for a continuance, but the court decided to hear from the victim. The victim had filed an affidavit stating that she was drunk, the altercation was her fault, and all of her injuries were the result of her own doing. This directly contradicted statements she made the night of the incident. The court itself interrogated the victim and based upon her responses that she was the instigator of the fight and therefore “consented” to the battery, dismissed the charges.
The general view is that “consent” is not a defense to battery, except in cases of sexual battery. See Lyons v. State, 437 So.2d 711, 712 (Fla. 1st DCA 1983); W.E. Shipley, Consent as Defense to Charge of Criminal Assault and Battery, 58 A.L.R.3d 662 § 2(a) (1974) (“[T]he courts have usually taken the view that since the offense in question involved a breach of the public peace as well as an invasion of the victim’s physical security, the victim’s consent would not be recognized as a defense, at least where the battery is a severe one.”). “The statutory elements of battery are: an actual and intentional *403 touching or striking of another person against the will of the other person; or intentionally causing bodily harm to an individual.” Hamrick v. State, 648 So.2d 274, 276 (Fla. 4th DCA 1995)(emphasis added); accord § 784.03(l)(a), Fla. Stat. (1999). In this case, while the court led the victim into saying she “consented” to being struck, what the court asked was:
THE COURT: Who, which one of you initially had physical contact?
THE WITNESS: I did.
THE COURT: And if you were struck in the process, it was in retaliation of what you did?
THE WITNESS: Yes. He was actually trying to stop me from wrecking the victim [sic]; he was driving and I’m grabbing the steering wheel jerking it.
After asking the victim if she wished to press charges, which she did not, the court asked, “So are you consenting to the action that he took that morning?” To which she said, “yes.”
A view of the law that a victim of domestic violence can consent to the batteries and injuries perpetrated on him or her is incompatible with both the general law of battery and the specific legislative intent expressed in section 741.2901(2), Florida Statutes (1999), which states, “It is the intent of the Legislature that domestic violence be treated as a criminal act rather than a private matter.” But even if this were not a domestic violence matter, civilized society cannot permit individuals to “consent” to the type of injury inflicted in this case. While the victim recanted her statement to the police regarding her injuries, a common occurrence in domestic violence situations, those issues are for the trier of fact to sort through in light of all of the evidence in the case. In any event, because consent was not a defense, the court’s ruling was not only proeedurally wrong but substantively wrong as well.