NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241025-U

NO. 4-24-1025

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 17, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Sangamon County |
| HOPE E. WRIGHT, | ) | No. 22CM640 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Rudolph M. Braud Jr., |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Presiding Justice Harris and Justice Lannerd concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, finding defendant failed to raise "mutual combat" as
an affirmative defense in the trial court, and defense counsel was not ineffective
for failing to argue "mutual combat" as an affirmative defense at trial.

¶ 2        Following a bench trial, defendant, Hope E. Wright, was convicted of battery (720

ILCS 5/12-3(a)(1) (West 2022)) and ordered to pay $655 in restitution. She appeals, arguing the

State failed to prove her guilt beyond a reasonable doubt "because standing her ground and

mutually fighting [the victim] is not criminalized behavior in Illinois." She alternatively argues

her trial counsel rendered ineffective assistance by failing to "argue mutual combat as a defense

during trial." We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        In January 2023, the State charged defendant with battery, alleging defendant

knowingly caused bodily harm to Chelise Slater by striking her in the face and causing a bloody

nose. Prior to trial, defendant provided notice to the State that she would be asserting the affirmative defense of use of force in defense of person (self-defense) (720 ILCS 5/7-1 (West 2022)).

¶ 5        The case then proceeded to a bench trial in November 2023. According to a bystander's report, Slater testified that, on the night defendant battered her, she saw defendant with a group of friends at Replay Lounge in Springfield, Illinois. Around closing time, Slater saw security escort defendant out of the lounge through a side door. Slater left through the front door. Defendant then came around to the front of the bar, where she and Slater began arguing and fighting. After the fight "ended up on the ground," "one or more of [defendant's] friends hit [Slater]." Slater testified "everyone scattered" once the police arrived.

¶ 6        Officer Dayton Edwards of the Springfield Police Department testified he responded to a disturbance call at Replay Lounge on the night of the fight. Although "most of the people had left" when Edwards arrived, he learned that "Slater was involved in the fight." Edwards then went to Slater's house, where "he took down her story and took pictures of her injuries."

¶ 7        Defendant testified on her own behalf. According to defendant, on the night of the fight, she saw Slater at Replay Lounge and was eventually told by the bar's owner to leave. When defendant "went to the front of the bar to meet with her friends," she saw Slater and began arguing and fighting with her. After hearing that police were on the way, defendant "left with her friends."

¶ 8        After the parties "gave closing arguments," the trial court found defendant guilty, despite recognizing the difficulty posed by street fights in "determin[ing] who threw the first punch and which story is most accurate." The court also observed the cuts, swelling, and bruising

on Slater's face, and that both women "were drinking that night and were probably drunk." The court thereafter ordered defendant to pay $655 in restitution.

¶ 9      This appeal followed.

¶ 10                    II. ANALYSIS

¶ 11      On appeal, defendant argues the State failed to prove her guilt beyond a reasonable doubt because it failed to disprove or rebut that she used justifiable force in "mutually fighting" Slater. The State responds defendant forfeited this argument by failing to raise it as an affirmative defense in the trial court.

¶ 12      "A person commits battery if he or she knowingly without legal justification by any means *** causes bodily harm to an individual." 720 ILCS 5/12-3(a)(1) (West 2022). "[A] lack of legal justification is not an element of the offense of battery and need not be pled by the State." *People v. Meor*, 233 Ill. 2d 465, 470 (2009). Rather, "justifiable use of force is considered to be an affirmative defense." *People v. Sambo*, 197 Ill. App. 3d 574, 582 (1990).

¶ 13      A defendant forfeits an affirmative defense by failing to make it in the trial court. *People v. Bardsley*, 2017 IL App (2d) 150209, ¶ 17. We hold defendants to their forfeiture of affirmative defenses because once an affirmative defense has been presented, the State must provide evidence to rebut the defense beyond a reasonable doubt. *Bardsley*, 2017 IL App (2d) 150209, ¶ 17. Where a defendant fails to properly raise an affirmative defense, the State loses its ability to determine what it must rebut and "would have to disprove *every* affirmative defense of which even 'slight evidence' exists or risk *** new potential defenses on appeal." (Emphasis in original.) *Bardsley*, 2017 IL App (2d) 150209, ¶ 22.

¶ 14      Here, defendant did not raise "mutual combat" in any way during trial that would "alert the State to what it must rebut." *Bardsley*, 2017 IL App (2d) 150209, ¶ 23. Instead, based

on this record, defense counsel proceeded to trial on the theory defendant fought out of self-defense. Because defendant never raised "mutual combat" as an affirmative defense in the trial court, the burden never shifted to the State to rebut this purported defense. Thus, defendant has forfeited this argument on appeal. See *Bardsley*, 2017 IL App (2d) 150209, ¶ 17; *People v. Shepherd*, 2020 IL App (1st) 172706, ¶ 18 (finding the defendant forfeited a necessity defense where counsel "never mentioned the affirmative defense of necessity at any time during any argument before the trial court").

¶ 15　　　　Alternatively, defendant argues her trial counsel was ineffective for failing to argue "mutual combat applied in this case." A defendant's claim of ineffective assistance of counsel is analyzed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Veach*, 2017 IL 120649, ¶ 29. To prevail, "a defendant must show that counsel's performance was (1) deficient and (2) prejudicial." *People v. Westfall*, 2018 IL App (4th) 150997, ¶ 61. In other words, a defendant must show both (1) "counsel's performance was objectively unreasonable under prevailing professional norms" and (2) "there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v. Domagala*, 2013 IL 113688, ¶ 36 (quoting *Strickland*, 466 U.S. at 694). "Failure to satisfy either prong negates a claim of ineffective assistance of counsel." *People v. Hibbler*, 2019 IL App (4th) 160897, ¶ 88. Matters of trial strategy, including "what evidence to present, whether to call a certain witness and what theory of defense to pursue," are generally immune from claims of ineffective assistance of counsel. *People v. Morris*, 2013 IL App (1st) 110413, ¶ 74.

¶ 16　　　　"Generally, consent of the victim is not a defense in a criminal prosecution" (*People v. Ford*, 2015 IL App (3d) 130810, ¶ 21) because "a criminal offense is a wrong

affecting the general public, at least indirectly, and consequently cannot be licensed by the individual directly harmed." Wayne R. LaFave, Substantive Criminal Law § 6.5(a) (3d ed. 2024). Thus, "consent is generally not a defense to the offense of battery." *People v. Ward*, 2024 IL App (2d) 190243-U, ¶ 59.

¶ 17　　　To be sure, in *People v. Reckers*, 251 Ill. App. 3d 790, 792 (1993), this court discussed the relatively novel idea of consent as a defense to battery in Illinois. In that case, two groups of high school students met in a park, anticipating a fistfight between one or two designated young men from each group. *Reckers*, 251 Ill. App. 3d at 791-92. At the park, three individuals attacked the victim while he was still in a car. *Reckers*, 251 Ill. App. 3d at 792. They then pulled the victim from the car and beat him until the police were called. *Reckers*, 251 Ill. App. 3d at 792. Ultimately, the defendant was convicted of aggravated battery based on a theory of accountability because he had not directly participated in the victim's beating. *Reckers*, 251 Ill. App. 3d at 792.

¶ 18　　　On appeal, the defendant argued he could not be found guilty of aggravated battery beyond a reasonable doubt where a consensual fight was anticipated by those involved. *Reckers*, 251 Ill. App. 3d at 792. However, the consent defense was not the defendant's theory of the case and was not before the trial court, so we declined to consider whether the victim's purported consent would be a defense to battery. *Reckers*, 251 Ill. App. 3d at 792. Still, we noted that "any consent the victim may have given here would presumably have been to a fistfight between equal numbers and not to a pummeling by three of [the] defendant's friends." *Reckers*, 251 Ill. App. 3d at 792-93. We also stated our agreement with several other states that held that consent was not a defense to a battery based on injurious touching. *Reckers*, 251 Ill. App. 3d at 793 (citing *Jaske v. State*, 539 N.E.2d 14 (1989); *People v. Lucky*, 753 P.2d 1052 (1988); *State v.*

*Hatfield*, 56 N.W.2d 872 (1984); *Commonwealth v. Burke*, 457 N.E.2d 622 (1983), *Lyons v. State*, 437 So.2d 711 (1983); *State v. Fransua*, 510 P.2d 106 (1973)).

¶ 19　　　　Here, defendant is wrong in her assertion that, had counsel put forth the defense that she and Slater fought consensually, she would have been completely exonerated. As previously mentioned, consent to a battery based on an injurious touching is generally not a defense in Illinois. *Reckers*, 251 Ill. App. 3d at 793; *Ward*, 2024 IL App (2d) 190243-U, ¶ 59; see *People v. Grayson*, 321 Ill. App. 3d 397, 411 (2001) (Cook, J., dissenting) ("Where two individuals in a bar agree to step outside and fight, either or both may be charged with battery. *** The agreement to fight constitutes a provocation to the use of force, making each party an initial aggressor."). And like in *Reckers*, there was evidence suggesting "one or more" of defendant's friends attacked Slater during the fight, and any consent Slater may have given would presumably have been to a fistfight between herself and defendant, not to a beating by defendant and several of her friends. *Reckers*, 251 Ill. App. 3d at 792-93. Thus, any effort by counsel to pursue a theory of consensual combat at trial would have been untenable, so counsel reasonably pursued a self-defense strategy instead, apparently due to the uncertainty surrounding how the fight started, even though it was ultimately unsuccessful. See *Morris*, 2013 IL App (1st) 110413, ¶ 74; see also *People v. Boyd*, 2021 IL App (1st) 182584, ¶ 64 (refraining from a pointless action does not constitute ineffective assistance). Therefore, defendant has not shown a reasonable probability the result of the proceeding would have been different without counsel's alleged errors. *Domagala*, 2013 IL 113688, ¶ 36. Because defendant cannot establish that she was prejudiced, her ineffective assistance claim fails. *Hibbler*, 2019 IL App (4th) 160897, ¶ 88.

¶ 20　　　　　　　　　　　　　　　III. CONCLUSION

¶ 21　　　　For all these reasons, we affirm the trial court's judgment.

¶ 22          Affirmed.