420 So.2d 908 (1982)
Smiley Vincent KEENE, Appellant,
v.
STATE of Florida, Appellee.
Nos. AE-473, AE-488.
District Court of Appeal of Florida, First District.
October 21, 1982.
*909 Michael Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
Keene contends in these consolidated appeals that the lower court erred in forcing him to proceed to trial pro se when there is no unequivocal rejection of counsel. We agree with the contention raised, reverse the convictions and remand the cases for new trials.
At arraignment, the trial court declared appellant indigent and appointed the public defender to represent him. Kenneth T. Connor of the Public Defender's Office was assigned to handle the cases. Prior to trial, Mr. Connor filed a motion to withdraw as counsel for appellant on the following grounds:
Defendant KEENE insisted on January 27, 1981 that he did not want the Public Defender to represent him. He further professed to have sufficient knowledge of the law that the undersigned understood that KEENE would rather represent himself than have the Public Defender act as his counsel.
At the hearing on the motion to withdraw, appellant stated: "[W]hat ... [Connor] filed in the motion is a lie. I did not tell this man I did not want representation from the Public Defender's Office  only him  because he lied to me... . As far as anybody else from the Public Defender's Office I will accept. But I won't accept Mr. Connors (sic)." Appellant further elaborated upon this statement in the following colloquy:
THE DEFENDANT: I have already made it understood, I thought, that I do not want Mr. Connors (sic) to represent me in a court of law.
THE COURT: Do you not want him to represent you, knowing that you probably would have no other attorney appointed to represent you?
THE DEFENDANT: I could care less.
THE COURT: You are willing to give up that right, to have assistance of counsel?
THE DEFENDANT: I'm not giving up the right to have assistance of counsel. I am giving up the right to have Mr. Connors (sic). I don't want Mr. Connors (sic) on my case.
THE COURT: You don't want him under any circumstances?
THE DEFENDANT: No, sir.
THE COURT: And knowing that I probably would not appoint another attorney to represent you, if I relieve Mr. Connor of any further obligation?
THE DEFENDANT: Then I will have to take my chances on my own.
THE COURT: But you understand that I probably would not appoint another attorney, if I relieve Mr. Connor?
THE DEFENDANT: I understand what you are saying, yes, sir.
The court went on to inquire as to appellant's education, legal experience, prior incarceration, history of mental illness, etc., i.e. the factors required by Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), which are used to determine *910 whether a defendant freely and voluntarily waived his right to counsel. The record of the hearing reflects, among other things, that the defendant had been twice civilly committed to a state mental institution. At the conclusion of the hearing the court granted Connor's motion to withdraw and declined to appoint other counsel, thereby requiring appellant to defend himself at two separate trials, first on an information charging him with grand theft and uttering a forged instrument; next on charges of burglary of a dwelling and two counts of dealing in stolen property. He was found guilty of the offenses for which he was first tried, and later found guilty of the two counts of dealing in stolen property, but not guilty as to the burglary count. He ultimately received a sentence totaling 40 years.
At the commencement of the appellant's trial for burglary and dealing in stolen property, appellant reaffirmed that he had not waived his right to counsel: "I would still like to say that the defense is ready, with the knowledge and the facts that the court records show that I am being forced by the court to defend myself in this case." Later at the June 22, 1981 hearing on motion for new trial and sentencing, appellant was represented by Assistant Public Defender William R. Slaughter, II. There appellant said:
[T]hat I have never refused the help of anyone other than Mr. Connor in the Public Defender's Office. I would have accepted counsel, anybody from the Public Defender's Office, except Mr. Connor, because he had lied... .
* * * * * *
I have not asked the Court to give me a lawyer of my choice. I just simply stated anybody else from the Public Defender's Office besides Mr. Connor. That was my request from the first day I came in here. I will accept anybody but Mr. Connor. I realize that the Court does not have to appoint me a lawyer of my choice, but I do realize that it's binding on the Court to see that I had a lawyer and a fair trial, which this Court didn't do.
There is no question that a defendant has the right to represent himself. Faretta v. California; Goode v. State, 365 So.2d 381, 383 (Fla. 1979), cert. denied, 441 U.S. 967, 99 S.Ct. 2419, 60 L.Ed.2d 1074 (1979); State v. Cappetta, 216 So.2d 749 (Fla. 1968), cert. denied, 394 U.S. 1008, 89 S.Ct. 1610, 22 L.Ed.2d 787 (1969). Nevertheless, Faretta places the duty on the trial court, upon receiving a timely motion to proceed pro se, to make the defendant aware of the benefits he must relinquish, and the dangers and disadvantages of self-representation. Thereafter the trial court must determine whether defendant has made his choice voluntarily and intelligently. We have further held that the trial court should determine whether unusual circumstances exist which would cause the accused to be deprived of a fair trial if permitted to conduct his own defense, and that the purpose of such inquiries, such as the accused's age, mental derangement, lack of knowledge, education, or inexperience in criminal proceedings, is to make certain that defendant is aware of the disadvantage under which he is placing himself by waiving counsel. Costello v. Carlisle, 413 So.2d 834 (Fla. 1st DCA 1982). See Robinson v. State, 368 So.2d 674, 675 (Fla. 1st DCA 1979), Ausby v. State, 358 So.2d 562 (Fla. 1st DCA 1978).
Unlike Cappetta and similar Florida cases where the defendants affirmatively moved to proceed pro se, or argued that the court denied them their right to self-representation, the appellant in the case below never asserted that he wished to represent himself. Federal cases following Faretta hold that Faretta requires that a defendant's request to proceed pro se be clear and unequivocal. See, e.g., U.S. v. Bennett, 539 F.2d 45 (10th Cir.1976), cert. denied, 429 U.S. 925, 97 S.Ct. 327, 50 L.Ed.2d 293 (1976); U.S. v. Montgomery, 529 F.2d 1404 (10th Cir.1976), cert. denied, 426 U.S. 908, 96 S.Ct. 2231, 48 L.Ed.2d 833 (1976). In State v. Cappetta, the Florida Supreme Court approved the general rule stated in Cappetta v. State, 204 So.2d 913 (Fla. 4th DCA 1967), that in the absence of unusual circumstances, *911 an accused who is mentally competent has the right to conduct his own defense without counsel. The district court, however, stated that in order "[t]o invoke this right the criminal defendant must make an unequivocal request to act as his own lawyer. Such request must be made prior to the commencement of trial." Id. at 918.
Accordingly, since the record fails to show that appellant clearly and unequivocally waived his right to counsel, the convictions in these appeals are reversed and the cases are remanded for new trials.
SHIVERS and WENTWORTH, JJ., concur.