430 So.2d 586 (1983)
Willie J. MANSFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 81-866.
District Court of Appeal of Florida, Fourth District.
May 4, 1983.
Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Max Rudmann and Sharon Lee Stedman, Asst. Attys. Gen., West Palm Beach, for appellee.
DELL, Judge.
Willie Mansfield appeals his convictions and sentences for burglary, grand theft and criminal mischief.
The police observed appellant and Donald Topley riding in Topley's car near the scene of a recently burglarized jewelry store in Stuart. After a high speed chase, the police apprehended appellant and Topley in a wooded area. A search of Topley's car revealed many of the stolen items. The State *587 filed an information charging the co-defendants with burglary, grand theft and criminal mischief. The trial court found both defendants indigent and appointed the public defender's office to represent them.
A stormy relationship between the defendants and their assigned public defender came to a head when the public defender moved to withdraw, citing irreconcilable differences in trial strategy. Both defendants asked for another attorney. The trial judge found that the defendants had received proper representation from their public defender, but stated that he would grant the public defender's motion to withdraw if they did not want him to represent them. The trial judge explained that this would leave them the option of retaining private counsel or representing themselves. Appellant asked whether he and Topley would be taken to trial without counsel if the public defender withdrew and they were not able to obtain counsel but did not want to represent themselves. The trial court replied that if they did not have a lawyer by the time of trial, then they must have chosen to represent themselves. The defendants agreed to seek private counsel and the trial court allowed the public defender to withdraw.
Appellant appeared unrepresented on the date set for trial. Appellant stated that he was not ready for trial as he did not feel able to represent himself, but he maintained that he did not want the public defender as counsel. Appellant also requested funds to replace his clothing, which the State was holding as evidence, and asked to be withdrawn from the docket because the potential jurors saw him wearing jail clothes. The trial court denied these motions but did order the sheriff to provide the defendants with any of their other clothes not being held as evidence. The trial court severed appellant's case from Topley's trial and began jury selection in the case against appellant. The trial court and the prosecutor questioned the potential jurors. Appellant did not actively participate in voir dire, again stating that he felt he could not properly represent himself and that he was being forced to represent himself because he did not want the assigned public defender. The first six jurors and one alternate called were sworn as jurors in appellant's case.
On the following day, appellant apologized for his actions and requested reappointment of the public defender as trial counsel. The trial court reappointed the public defender. The public defender raised the question of the propriety of the jury selection without appellant's having the benefit of counsel. The trial court initially suggested a mistrial and a new jury selection with an agreement by appellant to waive any resulting double jeopardy claim. However, when the prosecutor objected, the trial court declined to grant a mistrial and new jury selection. After the public defender withdrew a second time due to a conflict in representing both co-defendants, a special public defender took over appellant's representation and filed a written mistrial motion waiving any double jeopardy claim to allow selection of a new jury. The trial court denied the motion for mistrial and reaffirmed all prior rulings. A jury found appellant guilty as charged on all three counts. The trial court sentenced appellant to two ten year and one twenty year concurrent prison terms with credit for 123 days served.
Appellant contends that the trial court committed reversible error in the following actions: requiring appellant to select a jury without counsel, compelling appellant to wear jail clothes during trial, and denying appellant's motion for mistrial after the prosecutor improperly questioned him about prior felony convictions. We agree with appellant's first contention and remand for a new trial. Appellant should not have been required to select a jury without representation, absent a waiver of counsel.
Florida Rule of Criminal Procedure 3.111(d) requires the trial court to inquire into the defendant's comprehension of the offer of assistance of counsel at each stage of the proceedings. "No waiver shall be accepted where it appears that the defendant is unable to make an intelligent and understanding choice because of his mental condition, age, education, experience, the *588 nature or complexity of the case or other factors." Id. The trial court must conduct the inquiry required by Rule 3.111(d) on the record. If the defendant does not want the services of his appointed public defender, for whatever reason, the trial court must then point out the dangers and disadvantages of his conduct. Mitchell v. State, 407 So.2d 1005 (Fla. 5th DCA 1981); Drago v. State, 415 So.2d 874 (Fla. 2d DCA 1982); and Keene v. State, 420 So.2d 908 (Fla. 1st DCA 1982). We find the recent case of Keene v. State, supra, particularly applicable to the present case. The trial court in Keene allowed the public defender to withdraw despite the defendant's repeated requests for another public defender. The First District reversed and remanded for a new trial because the defendant never requested to act as his own counsel but was forced to do so. In the case at bar, the original assigned public defender admitted in his motion to withdraw that he could not have an effective attorney-client relationship with appellant.[1] The trial court never conducted the inquiry mandated by Rule 3.111(d) and conceded that appellant never waived his right to counsel and in fact did not feel able to represent himself.[2] In these circumstances, as in Keene, appellant was entitled to counsel. The denial of counsel in the crucial jury selection process requires us to reverse appellant's convictions and sentences and remand for a new trial on all counts.
Although the circumstances of the present case require us to order a new trial, we point out to recalcitrant defendants that they have only three representation options if found indigent: (1) accept the public defender as counsel; (2) retain private counsel at their own expense; or (3) represent themselves after waiving appointment of counsel. Indigent defendants are entitled to effective representation. They are not entitled to friction-free representation, particularly where the defendant creates the friction. Defendants simply do not have the option of frustrating the criminal justice system by refusing appointed counsel, failing to obtain counsel and then professing incompetence for self-representation. Appellant would not be receiving a new trial but for the trial court's admitted failure to conduct the required inquiry into appellant's ability to make an intelligent and understanding decision to waive appointed counsel.
Appellant also raises the issue of his appearance at trial in jail clothes. Appellant and co-defendant Topley both wore jail clothing at trial and objected for the same reasons. Our ruling on this point follows from Topley v. State, 416 So.2d 1158 (Fla. 4th DCA 1982), where we remanded in Topley's case for an evidentiary hearing to determine whether he could have obtained suitable clothing for trial from other sources. Id. at 1160. After remand, the evidentiary hearing revealed that several local agencies would have furnished clothing upon request. Therefore, the trial court did not compel Topley to go to trial in jail clothes. Topley v. State, 424 So.2d 81 (Fla. *589 4th DCA 1982). We see no need for another evidentiary hearing and affirm on this issue. Appellant had the same access to clothing from local agencies as did Topley. Appellant may wish to use these local clothing resources before retrial.
REVERSED and REMANDED.
LETTS, C.J., and WILLIAM C. OWEN, Jr., Associate Judge, concur.
NOTES
[1] MR. MASLANIK: I also indicated to them that based upon my experience the mere face [sic] that they are black they have less of a chance of getting a fair trial, but I didn't say that I couldn't represent them. The problem has been that Mr. Mansfield and Mr. Topley just have not been satisfied with the work I've done. They've requested that  Mr. Mansfield also has a misdemeanor charge and he wasn't satisfied with our attorney in county court either.

It's really an issue that I don't really want to get into all the details. I think that the allegations that are going back and forth have created a situation where there cannot be an effective attorney-client relationship and I don't really want to prejudice Mr. Mansfield and Mr. Topley by really airing all our problems in public. [Emphasis added.]
[2] THE COURT: Okay, technically this isn't really a waiver of right to counsel situation. It's one that he didn't waive his right to counsel. He said he didn't want the free lawyer that the court was offering, which may have been a backhanded waiver. But I never qualified him as far as his ability to represent himself and proceed to trial. In fact, he said right along he didn't feel that he was able to represent himself, and I said that's fine you can have the public defender. And it wasn't until yesterday that he again wanted the public defender. Under that fact situation I have some problem with saying well he's waived his right to a lawyer. He may have waived his right to have a lawyer other than the public defender or one that he hires. [Emphasis added.]