MILLS, Judge.
Varner was convicted and sentenced for robbery with a firearm and attempted first degree murder. He contends in this appeal that the trial court erred in allowing him to represent himself at trial and in failing to grant a continuance on the court’s own motion. We affirm.
After Varner had been charged with the crimes for which he was later convicted, the Public Defender’s Office was appointed to represent him, and Harvey E. Baxter, Esquire, was assigned to the case. Varner became dissatisfied with Baxter, however, because he did not interview and apparently did not plan to use several unnamed witnesses which Varner considered to be necessary to his defense. On 24 May 1982, Varner filed a motion asking the trial court to appoint him a new attorney.
One day prior to trial, a hearing was held on that motion. Varner indicated at the hearing that he would like to have a new attorney appointed, but that if one could not be appointed, he wished to represent himself at trial. The trial court explained that new counsel would not be appointed and that his only options were either to have Baxter represent him or to proceed pro se. Faced with that choice, Varner elected to proceed pro se. Before allowing him to do so, however, the trial court warned him of the dangers and disadvantages of self-representation as it was required to do under Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
Our examination of the record convinces us that Varner knowingly and intelligently waived his right to assistance of counsel at trial. Thus, there was no error in allowing him to represent himself. State v. Cappetta, 216 So.2d 749 (Fla.1969).
Although not cited by the parties, we note parenthetically that the facts in this case are somewhat similar to those in Keene v. State, 420 So.2d 908 (Fla. 1st DCA 1982). However, after careful consideration, we find Keene distinguishable in two respects. First, Keene indicated that Connor, the attorney appointed to represent him at trial, had lied to him. This alleged conduct by Connor apparently generated some degree of ill feeling in Mr. Keene. On the other hand, Varner was dissatisfied with Baxter merely because of a disagreement over trial strategy. Second, unlike Varner, Keene never asserted that he wished to represent himself at trial.
*409 Finally, we find no error in the trial court’s failing to grant Varner a continuance on its own motion. At trial, Varner indicated that he considered the testimony of Veronica Turner to be essential to his case. Turner had not been subpoenaed by the State or by the defense, however, and on the morning of the trial, Varner indicated that he did not wish her subpoenaed. Although he later recanted and stated that he did wish to have Turner subpoenaed, he never moved for a continuance. Varner has cited no authority, and we see no reason why his convictions should be reversed because the trial court failed to grant a continuance on its own motion.
AFFIRMED.
LARRY G. SMITH, J., concurs.
ERVIN, C.J., dissents with opinion.