ERVIN, Chief Judge,
dissenting.
I respectfully dissent. In my judgment there is no material distinction between the facts before us and those in Keene v. State, 420 So.2d 908 (Fla. 1st DCA 1982). In both cases the defendants became dissatisfied with their court appointed attorneys and requested other counsel. In both cases the trial court gave the defendants the Hob-son’s choice of proceeding with the counsel assigned or self-representation. Faced with those limited options, the defendants elected to represent themselves. In Keene, we recognized that Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)
places the duty on the trial court, upon receiving a timely motion to proceed pro se, to make the defendant aware of the benefits he must relinquish, and the dangers and disadvantages of self-representation. Thereafter the trial court must determine whether defendant has made his choice voluntarily and intelligently. We have further held that the trial court should determine whether unusual circumstances exist which would cause the accused to be deprived of a fair trial if permitted to conduct his own defense, and that the purpose of such inquiries, such as the accused’s age, mental derangement, lack of knowledge, education, or inexperience in criminal proceedings, is to make certain that defendant is aware of the disadvantage under which he is placing himself by waiving counsel. Costello v. Carlisle, 413 So.2d 834 (Fla. 1st DCA 1982). See Robinson v. State, 368 So.2d 674, 675 (Fla. 1st DCA 1979), Ausby v. State, 358 So.2d 562 (Fla. 1st DCA 1978).
Keene v. State, 420 So.2d at 910 (emphasis in original). Although the inquiry conducted by the trial judge below was far more thorough than that in Keene, the defect in both cases was the same: the failure of the record to demonstrate that the request to proceed pro se was clear and unequivocal.
In the case on review, at the outset of the hearing on the motion, which was labeled only for appointment of new counsel, and made no reference to pro se representation, the lower court advised the defendant that he could either proceed with appointed counsel or without counsel if the court found that he had the capability of representing himself. Faced with these limited choices, the defendant replied:
Well, I have decided like — I know I don’t have the qualifications as a lawyer and capability of a lawyer and I don’t know the court procedure — I feel as though, right, you know, if the jury bring a verdict of guilty back, I’m the one that have to do the time. And I do feel as though Mr. Baxter is not giving me the representation. So I will decide to represent myself.
Thus, appellant’s assertion of his right to self-representation was precisely like that of Keene’s: he simply felt he could do no worse in defending the case himself than could his appointed lawyer, with whom he had substantial conflict. The record hardly comports with the requirements stated in Faretta v. California that a defendant’s request to proceed pro se be clear and unequivocal. Observe the following:
MR. CERVONE: Do you feel that you are, in any circumstance, competent to represent yourself, or is it that you feel *410 competent only because you don’t specifically want Mr. Baxter on the case?
MR. VARNER: Mr. Cervone, I don’t feel like I’m competent to represent myself during the trial, but, you know, where I’m at now, I don’t feel I’m getting no justification from Mr. Baxter as my attorney.
The prosecuting attorney himself voiced his own concern over the defendant’s competency to represent himself:
MR. CERVONE: By his own statements, he is not qualified. I think it’s simply a matter of different opinions between he and his legally trained counsel as to how he should be represented. I think we would be doing a great disservice against Mr. Varner to allow him to proceed pro se.
THE COURT: Well, he does have a constitutional right to make that request.
MR. CERVONE: Only if he’s qualified. But when he sits here and says, “I don’t feel competent to represent myself on this charge. If my option is this lawyer or myself, I’ll do it,” I don’t think that makes him competent.
Later on during the hearing, the prosecutor advised the court that there would later be submitted at trial technical testimony from a ballistics expert, and further expressed his reservations about the defendant’s ability to conduct meaningful cross-examination of such a witness.
As the record does not establish the defendant made a clear and unequivocal request to act as his own lawyer, I would, as in Keene, reverse the conviction and remand the case for new trial.