PER CURIAM.
We reverse defendant’s judgment of conviction and sentence because the record does not reflect a knowing and intelligent waiver of his constitutional right to assistance of counsel. We indicated in Mansfield, v. State, 430 So.2d 586, 588 (Fla. 4th DCA 1983) that “[i]f the defendant does not want the services of his appointed public defender, for whatever reason, the trial court must then point out the dangers and disadvantages of his conduct.” Moreover, Rule 3.111(d)(5), Fla.R.Crim.P., requires that “[i]f a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.” In the case at bar, neither requirement was fulfilled. Therefore, the judgment of conviction and sentence are reversed and1 the cause is remanded for new trial.
REVERSED & REMANDED.
GLICKSTEIN and HURLEY, JJ., and SMITH, CHARLES E., Associate Judge, concur.