584 So.2d 120 (1991)
Antone JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 90-0328.
District Court of Appeal of Florida, Fourth District.
August 7, 1991.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This appeal from a conviction and habitualization presents the question whether appellant, Antone Jones, knowingly and intelligently waived the right to be represented by counsel at trial. Because we find the inquiry into the circumstances surrounding the waiver inadequate, we reverse on that ground and do not touch upon the additional points on appeal.
Appellant was arrested and charged with burglary while armed with a firearm. The public defender was appointed to represent him. Because appellant wanted to exercise his right to speedy trial, he served a pro se handwritten motion to that effect. At a hearing on the motion, his counsel said she was not ready for trial. The state then announced that it was filing an amended information to include charges of aggravated assault with a firearm and that it would seek to habitualize. Appellant then declared that he did not wish to waive speedy trial and would represent himself. The court agreed that he could do so and set the case for trial. The state did amend the information to include aggravated assault with a firearm in addition to the armed burglary.
The jury found him guilty of both counts, and the court adjudicated him guilty. Appellant filed a motion for new trial; the court denied the motion. The state filed a notice of intent to habitualize. At sentencing, the court pronounced appellant a habitual offender and sentenced him to life on *121 the burglary count and thirty years on the assault count. On the written form, the court also checked off three-year minimum mandatories on each of these counts, though not announcing at the hearing that he intended to do so. The public defender's office filed a timely notice of appeal on appellant's behalf.
In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that the sixth amendment to the United States constitution allows a defendant the right to represent himself. However, because there are traditional benefits associated with representation by counsel, the accused must be made aware of the dangers and disadvantages of self-representation, so that his waiver of counsel is knowing and intelligent. See id. at 835, 95 S.Ct. at 2541, 45 L.Ed.2d at 582.
Rule 3.111(d), Florida Rules of Criminal Procedure, prescribes what inquiry must be made of a defendant who wishes to waive.
(2) A defendant shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into accused's comprehension of that offer and his capacity to make that choice intelligently and understandingly has been made.
(3) No waiver shall be accepted where it appears that the defendant is unable to make an intelligent and understanding choice because of his mental condition, age, education, experience, the nature or complexity of the case, or other factors.
The Supreme Court of Florida said in Johnston v. State, 497 So.2d 863 (Fla. 1986), "[i]n determining whether a defendant has knowingly and intelligently waived his right to counsel, a trial court should inquire into, among other things: defendant's age, mental status, and lack of knowledge and experience in criminal proceedings." Id. at 868 (emphasis added).
In the instant case, the trial court never made any of the required inquiries of appellant at any stage of the proceedings. The trial judge made the following inquiries: (1) "Do you want to go to trial by yourself?"; (2) after telling him that he was facing fifteen years, "do you want to go to trial on your own?"; (3) after telling him there was a possible mandatory minimum sentence of three years, "do you understand that?"; (4) after telling him the state had filed a petition to habitualize and he could be facing thirty years, he asked "do you understand that?" and then specifically told him "your lawyer will advise you what that means."; (5) after the public defender said she advised him not to proceed pro se, the court asked, "All right. Do you want to go?"; (6) after telling him the court had assigned a legal advisor, "Do you still want to go to trial?"; and (7) after telling him "You will have to pick your own jury, all he's going to do is give you legal advice when you need it or want it; do you understand?" These questions do not satisfy the required inquiry.
At one point the prosecutor asked for the opportunity to inquire of appellant. She asked a number of questions which come closer to fulfilling the Faretta agenda, but still fall short. She mentioned the degree of the offenses with which he was charged; asked whether he understood that the state was seeking to habitualize; asked whether he understood that habitualization could result in up to sixty years incarceration; again asked whether he wished to represent himself; asked if he was under the influence of drugs, alcohol, or medication; asked if he had been coerced or threatened into representing himself; asked if he had ever been adjudicated insane or incompetent and whether he understood what was going on that day. Conspicuously missing was any discussion of the potential dangers and detriments of self-representation, appellant's age or education, and appellant's prior exposure to and understanding of the legal system.
Appellant argues that this court should disregard the prosecutor's questioning because it is the trial court which must make the inquiry. We disagree. The rule is not phrased in terms of who must ask the questions; that is, the rule does not expressly require that it be the court that make the inquiry. But in any case, this is *122 moot because the inquiry which the prosecutor made was insufficient under Faretta and Clark v. State, 442 So.2d 1044 (Fla. 4th DCA 1983), because there was no discussion of the dangers of self-representation. This is so because she did not inquire as to his age or education as required by rule 3.111(d), and because there was no discussion of appellant's knowledge of and experience with the criminal justice system as mandated by Johnson. Therefore, appellant cannot be said to have waived his sixth amendment rights knowingly and voluntarily. This insufficient inquiry also vitiates the written consent form which appellant signed.
Appellee last contends that the error was harmless. "[C]ases involving the right of self-representation are not `amenable to `harmless error' analysis.'" McKaskle v. Wiggins, 465 U.S. 168, 177 n. 8, 104 S.Ct. 944, 950 n. 8, 79 L.Ed.2d 122, 133 n. 8 (1984), quoted in Miller v. State, 485 So.2d 1346 (Fla. 5th DCA 1986). We therefore reverse.
REVERSED.
GLICKSTEIN, C.J., and HERSEY and STONE, JJ., concur.