SMITH, Judge.
Appellant seeks reversal of his conviction for attempted robbery on the ground that the lower court erred in denying a motion for a continuance. We reverse.
On the day jury selection was scheduled to begin in appellant’s trial, the public defender appointed to represent appellant, David Dropko, was too ill to appear in court. Another attorney from the public defender’s office, Laurie Sistrunk, appeared on appellant’s behalf and sought a continuance. Ms. Sistrunk advised the trial court that she was not prepared to represent appellant for she was completely unfamiliar with the case. Specifically, Ms. Sis-trunk represented to the lower court that she had not examined the case file, had no information on the theory of defense, did not know whether appellant would be testifying, and was unfamiliar with the witnesses. Nevertheless, the trial court required Ms. Sistrunk to represent appellant during voir dire. When Mr. Dropko returned for the trial stage, he moved for a mistrial on the ground that he had not been present for jury selection. The motion for mistrial was denied.
Voir dire is considered a part of a trial. Daniels v. State, 587 So.2d 460 (Fla.1991); State v. Melendez, 244 So.2d 137 (Fla.1971). It is well established that a defendant is entitled to effective assistance of counsel at all stages of a trial, including the jury selection phase. Mansfield v. State, 430 So.2d 586 (Fla. 4th DCA 1983). Obviously, appellant was not effectively represented at voir dire.
We find Carter v. State, 469 So.2d 775 (Fla. 1st DCA 1984), a case cited to us by the state, to be distinguishable. In Carter, the attorney who was required by the trial court to select a jury did have some familiarity with the case; furthermore, and perhaps more importantly, the attorney who eventually tried the case was allowed to interview the jury before it was sworn. 469 So.2d at 781 n. 3. Mr. Dropko, by contrast, never expressed satisfaction with the jury empaneled in the instant case and, in fact, moved for a mistrial on the ground that he did not participate in voir dire.
*863 Accordingly, appellant’s conviction is REVERSED, his sentence is VACATED, and the cause is REMANDED for a new trial.
ALLEN and WOLF, JJ., concur.