PER CURIAM.
Ron Anderson seeks to withdraw his guilty plea to grand theft. Anderson, a foreign national,[1] proceeded pro se in the lower court proceedings. Although the. initial judge assigned to the case thoroughly questioned Anderson concerning his right to be represented by counsel and obtained Anderson’s waiver of that right, the successor judge did not renew the offer of counsel nor did he ensure at the later hearings that Anderson wished to waive his right to counsel. The State concedes' error. See Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), Johnston v. State, 497 So.2d 863, 868 (Fla.1986); Jones v. State, 584 So.2d 120 (Fla. 4th DCA 1991); Fla. R.Crim. P. 3.111(d).
Anderson is entitled to withdraw his plea. We reverse the conviction, and remand for proceedings consistent with this opinion.

. Although not raised by either party, we also note that Anderson, who is not a U.S. citizen, was not informed of the possible immigration consequences of his plea, as required by Rule 3.172(c)(8), Florida Rules.of Criminal Procedure.