ROWE, J.
Carlos Sparaga appeals his judgment and sentence upon violation of probation, raising two issues: Whether the trial court erred by failing to conduct an adequate Faretta hearing,[1] and whether the trial court erred in finding that he violated his probation. Because we conclude that the trial court erred by failing to conduct an adequate Faretta hearing, we do not reach the second issue.
Carlos Sparaga, pled no contest to two counts of neglect of a child. Sparaga entered into a negotiated plea with the state and was sentenced pursuant to the agreement to four years’ probation. On November 7, 2011, the state filed an affidavit alleging violation of probation by lewd or lascivious exhibition in the presence of a child.
*262 On January 18, 2012, at the first scheduled hearing on the violation of probation, Sparaga’s appointed counsel informed the court that Sparaga wished to continue the case until he could procure private counsel. The court questioned Sparaga about his decision to discharge appointed counsel and hire private counsel, informing Spara-ga that if he did not retain counsel, he would be representing himself:
THE COURT: You understand this court if it does grant your continuance today it will be until February 8th. This court is not going to continue this [case] indefinitely for you to hire private counsel. Do you understand that, sir?
THE DEFENDANT: Yes, sir.
THE COURT: You will be either representing yourself or have a private attorney that will be representing you. Do you understand that, sir?
THE DEFENDANT: Yes.
The court discharged court-appointed counsel, advising Sparaga again that there would be no more continuances, and if he had not obtained counsel by the date of the next scheduled hearing, he would be representing himself:
THE COURT: All right, Mr. Sparaga, based upon your request I am going to discharge the Public Defender’s Office from representing you any further and you are now at this juncture required to either hire private counsel as you have told me you will be doing and that private attorney must be here on February 8th.You’re either going to be representing yourself on that day or you will have an attorney with you, sir, because that is what you have chosen to do.
At the next scheduled hearing, on February 8, 2012, Sparaga had not yet retained counsel. Sparaga informed the court that he was “in the process” of retaining an attorney, but had not hired one yet. Under the circumstances, the court continued the hearing to March 14, 2012, with another warning to Sparaga that the court would not continue the case again, and if he did not show up with an attorney at the March 14 hearing, Sparaga would be representing himself:
[T]he court is going to set this matter for an evidentiary hearing in March. Now let me be very clear and let the record be very clear that if you do not have an attorney as we come back for the March 14th evidentiary hearing date you will be representing yourself. The court will not continue this any further and the court does have an expectation that this matter is going to be heard as far as an evidentiary hearing on that date. I think the court has been very generous with you. I will be generous one last time, sir, but at that time if you’re unable to have counsel with you at that time you will be representing yourself, sir.
At the March 14, 2012, hearing, Sparaga told the court that he had an attorney, Zack White, but he didn’t know where Mr. White was. Upon questioning, the court learned that Sparaga had not contracted with Mr. White, nor had Mr. White filed a notice of appearance:
THE COURT: [T]he Court had given you until this date to either have counsel or to be prepared to proceed without counsel. Do you have counsel?
THE DEFENDANT: I have Zack White here. I don’t know where he went to.
THE COURT: Did you retain him? Did you pay him money and enter a contract with him?
THE DEFENDANT: I didn’t sign the contract, no.
*263 THE COURT: Okay. Well, the Court is going to proceed then with the eviden-tiary hearing at this time. If he has not filed his notice of appearance on your behalf, you are still represented by yourself. So I’m going to hear evidence today on the violation of probation.
The court proceeded to hear the testimony of the state’s witnesses and allowed Spara-ga to question the state’s witnesses, and at the end of the state’s case, the court asked Mr. Sparaga if he had any witnesses in his defense, to which Sparaga responded that he was not prepared because he thought he would have an attorney present at the hearing. The court again reminded Spara-ga that he had been given time to obtain counsel, and he was expected to be prepared for the hearing:
THE COURT: All right. Mr. Sparaga, the Court, on three separate occasions, had continued this matter, so that you could obtain counsel. You were advised specifically at the last time that we were together that you would appear here today with an attorney or be prepared to proceed without an attorney. The Court was specifically advised by Mr. White that he had not been retained by you to represent you in this matter.
THE DEFENDANT: See, I didn’t, I don’t understand this.
THE COURT: Well, he’s not filed a notice of appearance and that’s what the Court has to go by. So you do have the right to choose to testify here today. If your witnesses aren’t here, today was the day to have them here based upon my warnings to you the last time you were in court, so if they’re not here that is [] no fault of the Court. That’s through your fault and yours alone, sir. Do you wish to testify here today?
THE DEFENDANT: I would like to say that I didn’t have access to a law library at Holmes County Jail and I didn’t know what to do.
The court denied “any request to continue” and allowed Sparaga to take the stand to testify in his own behalf. Following the hearing, the trial court found that the state had established by the greater weight of the evidence that Sparaga had violated his probation. The court revoked Sparaga’s supervision, adjudicated him guilty, and sentenced him to five years in prison on each count of child neglect, to be served concurrently.
The standard of review for a trial court’s handling of a request for self-representation is abuse of discretion. McCray v. State, 71 So.3d 848 (Fla.2011). However, a trial court’s failure to conduct a Far-etta hearing prior to allowing a defendant to appear without counsel is per se reversible error. Id. at 864; Cleveland v. State, 87 So.3d 813 (Fla. 1st DCA 2012).
Under Faretta and its progeny, when a defendant clearly asserts a desire for self-representation at a critical stage, the trial court is obligated to conduct an inquiry to determine if the defendant is knowingly and intelligently waiving his right to counsel and is “aware of the dangers and disadvantages of self-representation.” Wilson v. State, 947 So.2d 1225, 1226 (Fla. 1st DCA 2007) (quoting Faretta, 422 U.S. at 835, 95 S.Ct. 2525 (1975)); Fla. R. Crim. P. 3.111(d).[2] In this case, howev *264 er, the record demonstrates that Sparaga neither waived his right to counsel, nor asserted a right of self-representation. Although the right to counsel is in force until waived, the right of self-representation does not attach until asserted. See Frazier v. State, 453 So.2d 95, 96 (Fla. 5th DCA 1984) (citing Brown v. Wainwright, 665 F.2d 607, 610-11 (5th Cir.1982)). Thus, by neither asserting the right to self-representation nor waiving the right to appointed counsel, Sparaga created a difficult situation for the trial court.
In Jones v. State, 449 So.2d 253 (Fla. 1984), the supreme court provided guidance to Florida courts in how to deal with the kind of impasse which occurred in this case.[3] There, the supreme court makes it clear that a “contumacious” defendant’s decision to neither assert the right to self-representation nor waive the right to counsel may not be used as a device “to abuse the dignity of the court or to frustrate orderly proceedings.” Id. at 258-59. Under such circumstances, the supreme court advises that a defendant is presumed to be exercising the right to self-representation, and the trial court should proceed to a Faretta inquiry:
[W]hatever his motivation, defendant burdened and delayed the court by his vacillation in not unequivocally choosing between court-appointed counsel, proceeding pro se, or obtaining his own counsel of choice.... As a matter of guidance, defendants who without good cause refuse appointed counsel but do not provide their own counsel are presumed to be exercising their right to self-representation. They should be so advised and the trial court should forthwith proceed to a Faretta inquiry.
Id. at 258 (emphasis added). Thus, under the guidance of the supreme court in Jones, the trial court here properly deemed that Sparaga had asserted his right to self-representation by refusing appointed counsel and not obtaining private counsel; however, the court reversibly erred by failing to conduct a Faretta inquiry before allowing Sparaga to proceed without counsel.
In Keene v. State, 420 So.2d 908 (Fla. 1st DCA 1982), this court reversed and remanded for a new trial where the defendant never requested to act as his own counsel, but was forced to do so.[4] See also Clark v. State, 442 So.2d 1044 (Fla. 4th DCA 1983) (reversing and remanding for new trial where record did not reflect knowing and intelligent waiver of constitutional right to assistance of counsel).
In Mansfield v. State, 430 So.2d 586 (Fla. 4th DCA 1983), the Fourth District held that the trial court erred by requiring the defendant to select a jury without counsel where the defendant had not waived his right to counsel. Id. at 587. In Mansfield, as here, where the defendant refused appointed counsel, failed to obtain private counsel, and then professed incompetence for self-representation, the Fourth District reiterated for “recalcitrant defendants” that “[t]hey are not entitled to friction-free representation,” and such defendants “simply do not have the option of frustrating the criminal justice system.” Id. at 588.
*265 Under the guidance of the supreme court in Jones, we hold it was reversible error for the trial court to compel Sparaga to proceed without counsel in the absence of an adequate Faretta inquiry. We REVERSE AND REMAND for a new trial.
BENTON, C.J., and MARSTILLER, J., concur.

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

. Florida Rule of Criminal Procedure 3.111(d)(2) requires the trial court to inquire into a defendant's comprehension of the offer of assistance of counsel before accepting a waiver of counsel: "A defendant shall not be considered to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry has been made into both the accused’s comprehension of that offer and the accused’s capacity to make a knowing and intelligent waiver.”

. In Jones, the defendant argued, among other things, that the trial court failed to conduct a proper inquiry regarding a waiver of counsel and required him to proceed pro se when he had not waived his right to legal representation even though he had discharged appointed counsel.

. Keene was receded from on different grounds in Hughes v. State, 701 So.2d 378, 379 (Fla. 1st DCA 1997).